**GENERAL FELT PRODUCTS CO.**
v.
**ALLEN INDUSTRIES, Inc.**
**Civ. No. 1567.**

United States District Court,
D. Delaware.
March 30, 1954.

E. Ennalls Berl (of Berl, Potter & Anderson), Wilmington, Del., and Sidney Neuman (of Thiess, Olson, Mecklenburger, VonHolst & Coltman), Chicago, Ill., for plaintiff.

Alexander L. Nichols, S. Samuel Arsht and John T. Gallagher (of Morris, Steel, Nichols & Arsht), Wilmington, Del., and Oscar A. Markus and Howard M. Lubbers (of Freud, Markus, Gilbert & Lubbers), Detroit, Mich., for defendant.

LEAHY, Chief Judge.

Defendant has moved, under 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Eastern District of Michigan, Southern Division. The suit was brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., to secure an adjudication of an actual controversy involving questions of validity and infringement of four patents owned by defendant. It is alleged such a controversy exists between the parties as the result of charges of patent infringement and threats of suit made by defendant. The complaint denies infringement and attacks validity of defendant's patents. Defendant is a Delaware corporation, and venue was laid in this district under 28 U.S.C. § 1391.

§ 1404(a) of the Judicial Code provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Statutory criteria justifying transfer must be interpreted from the language employed.

1. Application of § 1404(a) with its trinity of standards—convenience of parties, witnesses and the interest of justice—by the federal nisi prius judiciary in the transfer of a cause from one district to another, is beginning to result in a conflict of amorphous ratio. Where the statute looked to a pattern of judicial administration helpful to litigants, recent results disclose an inability to reconcile the ratio decidendi behind one judge transferring a cause to another forum and another refusing a cause to leave the vicinage of his forum. There is a strong resemblance to trade mark infringement decisions which I have never been able to reconcile. Like other remedial statutes, § 1404(a) is running into impact of a particular judge's subjective tests

in applying the trinity of vague standards ordered by the statute. Overtones of conflict—or, judicial inconsistency—may be found among particular district courts and other courts of appeal.

█ In All States Freight, Inc. v. Modarelli, 3 Cir., 196 F.2d 1010,[1] the Court of Appeals of this Circuit, sitting en banc, expressed some general views upon proper interpretation of § 1404(a). In two opinions recently filed in this court,[2] the Modarelli views were considered. Those three opinions have pertinency because plaintiff centers its argument on the theory "a plaintiff's right of selection of the forum is not to be disturbed unless the balance is strongly in favor of defendant".[3,4] "Transfer will be granted only in exceptional cases", plaintiff says.[5] Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055, established the "strong favorable balance" standard, and concluded a plaintiff's choice of forum should rarely be disturbed. This was decided under forum non conveniens considerations, prior to § 1404(a)'s ameliorating substitution of transfer for dismissal. The Modarelli opinion expressed some dissatisfaction with the application of the Gulf Oil principles to motions under § 1404(a). This court interprets the Modarelli advice to mean no longer should disturbing plaintiff's choice of forum be regarded sacrilegious or a rarity if the three statutory factors dictate transfer. Being moved from one federal forum to another is no calamity to litigants. The controlling conveniences and justice-factor are applied to both litigants in their relationships to each of the possible forums. Balances of these items are struck and then compared before the court's decision is crystallized—the balance between plaintiff and defendant in the first forum, their balance in the forum desired by defendant, their balance in all the possible forums to which the court sua sponte[6] could transfer the action. Plaintiff will not be sent to a forum which in the court's opinion does not assure him just trial or is more inconvenient than the one of his choice. The privilege of selecting forum continues to play a part in deciding transfer motions, but it certainly should not be cast in the leading role.

█ 2. Plaintiff refuses to subscribe to this conception of § 1404(a), and urges[7] "it is to be strictly construed and sparingly applied". Further, it contends[8] the "strong" burden on defendant to justify transfer disproves "that the plaintiff has any sort of burden, or that he must justify his selection of the forum, or that he is required to submit affidavits showing that his choice is more convenient than the proposed transferee-forum." Plaintiff stands pat on its selection of forum, admitting Detroit would be more convenient for defendant but denying any showing by defendant Detroit would be more convenient to plaintiff. In this Circuit plaintiff's legal premises are not acceptable. If plaintiff chooses to stand mute, making no profert of his conveniences, or the justice impact on him, he assumes the risk of defendant's overcoming counter-choice of forum by a favorable balance of § 1404 (a)'s factors.

█ 3. One further misconception of § 1404(a) by plaintiff requires correction—the belief no transfer will occur

---

1. Although the Court's observations are broadly stated, I interpret and apply them as basic instructions of the full court. Neither party cited the Modarelli case on the instant motion, but it cannot be ignored.

2. Paragon-Revolute Corp. v. The C. F. Pease Co., D.C.Del., 120 F.Supp. 488. William D. Busch v. The Reiss Steamship Co., D.C.Del., 120 F.Supp. 886.

3. Plaintiff's Brief, p. 12.

4. The cases plaintiff cites are not individ-

ually discussed because the Modarelli opinion was not therein considered.

5. Plaintiff's Brief, p. 3.

6. See Holtzoff, J., in transferring to Delaware his CA 5017-47, filed December 13, 1947, entitled United States v. E. I. duPont de Nemours & Co., by order of April 28, 1949, which became our CA 1216. And, see United States v. E. I. du Pont de Nemours & Co., D.C.Del., 118 F.Supp. 41.

7. Plaintiff's Reply Brief, p. 3.

8. Id., p. 3.

unless the new forum is fully as convenient to one litigant as to the other.[9] § 1404(a) would not beget offspring if it awaited such a perfect mating of conveniences. Necessarily, the choice of forum is under the statute a relative one. The goal is to select that forum in which justice can be had, and in which inconveniences of all parties litigant and their witnesses may arrive at an irreducible minimum. With this as objective, these then are the considerations to be weighed:

4. Plaintiff is an Illinois corporation. Its principal place of business is in Chicago. It has no office or place of business in Delaware.

5. Defendant is a Delaware corporation. It has no office, place of manufacture or other place of business in Delaware, with the exception of its statutory office for service of process at the offices of the Corporation Trust Company in Wilmington. Defendant's principal place of business, general and executive offices, are in Detroit, in which city it also operates two manufacturing plants. In addition, defendant operates manufacturing plants in St. Louis, Missouri, in Herrin, Illinois, and in Rahway, New Jersey.

In connection with defense of the action and prosecution of counterclaims which it may file, defendant contemplates [10] it will call as witnesses most of defendant's officers and some of its key employees. Such witnesses are to include the chairman of defendant's board, its president, executive vice president, a former vice president, its vice president and treasurer. The non-officer employees are employed in defendant's Research and Development and Machinery and Equipment Departments. All of such officers and employees reside in the vicinity of Detroit. All of defendant's records and exhibits that may be re-

quired in connection with the case are located at Detroit.

6. Wilmington is approximately 750 miles from Chicago and about 600 from Detroit. Other than defendant's Delaware incorporation, both parties are strangers to this District. Since neither defendant nor its witnesses inhabit the corporate domicile nor maintain here records or other evidence anticipated for use in the suit, the incorporation is of little consideration. Cinema Amusements v. Loew's, D.C.Del., 85 F.Supp. 319. Both corporate parties, through directors or officers, employees, and counsel, and their various witnesses would have to travel and transport records considerable distances to Wilmington. While plaintiff does not object to this, defendant does. I can find no actual convenience-appeal of this forum to either. Plaintiff's reasons for instituting this action in Delaware and for its apparent distaste for the Michigan forum are not disclosed.

Relative conveniences of parties and witnesses in Detroit are far greater than in Wilmington. As in the Paragon-Revolute Corp. case, supra, choice of that forum obviates one party's travel. Plaintiff and its witnesses are not completely relieved of travel—a not unusual position of all plaintiffs, who, after all, are aggressively seeking out defendants in order to settle some issue between them. However, in a Detroit forum, the extent of plaintiff's travel is reduced by some five hundred miles. Transportation and accommodation facilities from Chicago to and in Detroit are at least equal, if not better than Wilmington's. The comparison strongly favors Detroit over Wilmington on the conveniences aspect.

The suit could not have been brought in Chicago—the perfect forum for plain-

---

9. "Defendant has completely failed to explain why its officers and employees should be entitled to stay at home while plaintiff's witnesses should travel to and stay in hotels at Detroit, Michigan." Plaintiff's Brief, p. 8.

10. An affidavit of defendant's President was filed. Plaintiff filed no reply or counter-affidavit.

tiff—because defendant was not there amenable to process. Transfer to that forum is therefore prohibited by § 1404 (a). The only possible Illinois forum is the Eastern Division, Eastern District of Illinois, sitting at Benton and Danville, Illinois. One of defendant's manufacturing sites, Herrin, is in that Division and near Benton. However, the parties and their witnesses would still travel from Chicago (about 375 miles to Benton) and Detroit (about 650 miles to Benton) with perhaps considerable transportation difficulties, loss of time, and inconveniences otherwise avoidable. The Illinois forum is not as convenient for parties or witnesses as is Detroit. Neither is the possible New Jersey forum—which has about the same distance difficulties as Delaware—nor the Missouri forum—which is not quite as convenient to plaintiff as is Detroit and much more inconvenient to defendant than its home Detroit.

7. As a necessary resultant factor [11] from only the twin conveniences of parties and witnesses, the third "interest of justice" consideration favors transfer to Detroit. Since suit can be had there with complete convenience to defendant and comparatively more convenience to plaintiff than here in Wilmington, it would disturb a sense of justice to force defendant to travel those hundreds of miles. As a distinct reason, the justice element alone commands neither transfer nor retention of the suit by this forum. The Michigan and Delaware forums would similarly apply the federal patent statutes under which this suit arises.

The motion to transfer to the United States District Court for the Eastern District of Michigan, Southern Division, is granted.

After an appropriate order is submitted and signed, the Clerk of the Court will make the necessary transfer.

11. Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., D.C.Del., 99 F.Supp. 503, 506.