MIRACLE STRETCH UNDERWEAR CORPORATION and Ellis, Stone and Company, Plaintiffs,

v.

ALBA HOSIERY MILLS, Inc., Defendant.

Civ. A. No. 1755.

United States District Court
D. Delaware.

Dec. 19, 1955.

H. Eugene Savery, Wilmington, Del., Morris Hirsch (of Dean, Fairbank & Hirsch), and Arthur B. Colvin, New York City, for plaintiffs.

Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., Paul B. Bell and Clifton T. Hunt, Jr. (of Eaton & Bell), Charlotte, N. C., for defendant.

WRIGHT, District Judge.

Miracle Stretch Underwear Corporation (hereinafter called "Miracle"), a New Jersey corporation with its principal place of business at Washington, New Jersey, filed in this court a verified complaint under the Declaratory Judgment Act,[1] based upon alleged infringement by Miracle of U. S. Patent No. 2,706,389. On October 12, 1955 two days after the filing of the declaratory judgment action, defendant, Alba Hosiery Mills, Inc., (hereinafter called "Alba"), a Delaware corporation with its principal place of business at Valdese, North Carolina, brought suit in the United States District Court for the Middle District of North Carolina charging infringement of said patent No. 2,706,389 by Ellis, Stone & Company (hereinafter called "Ellis"), a North Carolina corporation engaged in the retail business. The basis of the direct patent infringement suit against Ellis by Alba was the sale by Ellis of a panty manufactured by Miracle. Ellis joined as a co-plaintiff in the Delaware declaratory judgment action on October 25, 1955.

Miracle has stated that it is not amenable to service of process in North Carolina and has no intention of intervening in the suit in North Carolina.

This case is now before the court on cross-motions which fundamentally raise the issue of the place of trial.[2] Miracle has moved for an order enjoining Alba from prosecuting its North Carolina direct patent infringement action until final adjudication of the Delaware declaratory judgment action. Defendant, Alba, has moved for an order transferring the declaratory judgment action to the United States District Court for either the Western or Middle District of North Carolina or alternatively, dismissing or staying the declaratory judgment action in view of the pendency of the North Carolina patent infringement action.

Counsel for defendant at oral argument conceded that plaintiff was entitled to enjoin the direct patent infringement action initiated by defendant in North Carolina,[3] and that neither its motion to dismiss, nor its motion to stay the declaratory judgment action has any merit. In view of the aforegoing concessions, the only question is whether the court should grant defendant's motion pursuant to 28 U.S.C. § 1404(a)[4] to transfer the declaratory judgment action to North Carolina.

Prior to the inclusion of § 1404 in the Judicial Code, a federal court had no power to transfer a cause of action to a more convenient forum. Consequently, the court had to apply the doctrine of forum non conveniens with the accompanying severe result of dismissal of plaintiff's action. Because of the harsh remedy of dismissal the court quite naturally required the defendant to strongly demonstrate the overriding

---

1. 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff also made a motion for an order to enjoin threats of other actions by Alba in the following manner:

"(b) [Enjoining defendant, etc.] from annoying, harassing, or intimidating customers or prospective customers of Plaintiff, Miracle Stretch Underwear Corporation, or distributors of such Plaintiff by threatening or commencing suits for infringement of the patent involved in the instant action."

At oral argument, counsel for plaintiff conceded Miracle could not seriously press this motion and it will therefore not be considered.

3. The court would have been compelled to grant plaintiff's motion to restrain the North Carolina action until adjudication of the Delaware action by reason of the principles enunciated in Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200.

4. 28 U.S.C. § 1404(a) provides:

"§ 1404. Change of venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

preponderance of inconvenience to the defendant if the litigation were to be fought in the forum chosen by plaintiff.[5]

With the inclusion of the transfer provision in the Judicial Code, 28 U.S.C. § 1404, the federal courts were empowered to transfer an action to a more convenient forum thus removing the harshest result of the application of the old doctrine of forum non conveniens. Since the necessity for dismissal was eliminated, the burden which a defendant had to bear in order to transfer was accordingly eased.[6]

While each motion for transfer under § 1404(a) must be decided on its own facts, § 1404(a) does establish three standards which should be considered by the court in weighing a request for transfer. The court must relate the individual facts of each case to: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) whether transfer will be in the interest of justice. While plaintiff's privilege of forum selection is not specifically articulated in § 1404(a) as a factor to be considered in deciding transfer motions, it cannot be ignored in the "interest of justice" since it is by definition, the initial point of contest in all transfer motions.

Applying these standards to the facts of this case,[7] it is readily apparent that the inconvenience of defendant and its witnesses in having to come to Wilmington is no greater than the inconvenience

---

5. For example, in Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055, the court stated on the subject of forum non conveniens:

    "The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

6. The following quotation from Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 32, 75 S.Ct. 544, 546, clearly shows the Supreme Court considered that Congress, by providing the transfer procedure, intended to ease the burden of the showing of inconvenience which defendant formerly had to bear when he moved for dismissal:

    "When Congress adopted § 1404(a), it intended to do more than just codify the existing law on *forum non conveniens*. As this Court said in Ex parte Collett, 337 U.S. 55–61, 69 S.Ct. 944, 947, 93 L.Ed. 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."

7. "Washington, New Jersey (plaintiff's factory) is approximately 105 miles from Wilmington, Delaware; 510 miles from Greensboro, North Carolina and 613 miles from Charlotte, North Carolina. Valdese, North Carolina (defendant's factory) is approximately 545 miles from Wilmington, Delaware; 120 miles from Greensboro, North Carolina and 65 miles from Charlotte, North Carolina. New York City (office of plaintiffs' patent counsel) is approximately 127 miles from Wilmington, Delaware; 526 miles from Greensboro, North Carolina and 623 miles from Charlotte, North Carolina. Charlotte, North Carolina (office of defendant's patent counsel) is approximately 510 miles from Wilmington, Delaware and 104 miles from Greensboro, North Carolina." (Affidavit of Morris Hirsch, p. 3).

    The witnesses the plaintiff will call and records it will produce will be from the vicinity of New York City and Washington, New Jersey. The witnesses the defendant will call and the records it will produce will be from the vicinity of Valdese, North Carolina. Convenience of rail or air transportation from Charlotte or Greensboro, North Carolina to Wilmington, Delaware is about the same as from New York City to Charlotte or Greensboro, North Carolina.

which would be incurred by plaintiff and its witnesses if it were compelled to prosecute its action in North Carolina. While plaintiff and its witnesses will have to travel some distance if the action is prosecuted in the forum of its choice, it likewise would be necessary for defendant and its witnesses to travel a like distance in the event the action were transferred to North Carolina and tried in the Middle District at Greensboro or in the Western District at Charlotte.

Thus, it cannot be said that the convenience of the parties and witnesses would best be served by adjudicating the issues in North Carolina. Rather, it is only the convenience of defendant which would be served by such a transfer.[8] A transfer for the convenience of defendant, which would result in plaintiff being put to the same inconvenience to which the defendant would have been subject if the transfer were not granted, would not be a transfer in the interest of justice. On the contrary, such a transfer would deprive plaintiff of its chosen forum without subtracting from the total amount of inconvenience which would be incurred by both litigants. Such a transfer would merely shift substantially all of the inconvenience from the defendant to the plaintiff.

Plaintiff's motion to enjoin further prosecution of defendant's patent infringement action in North Carolina is granted.

Defendant's motion to transfer, dismiss or stay the proceeding in this declaratory judgment action is denied.

An order in accordance herewith may be submitted.

8. It should be noted that a holding denying transfer is not inconsistent with two other cases in this district which permitted transfer. In Paragon-Revolute Corp. v. C. F. Pease Co., D.C.D.Del. 1954, 120 F.Supp. 488, and General Felt Products Co. v. Allen Industries, Inc., D.C.D.Del.1954, 120 F.Supp. 491, the inconvenience suffered by plaintiff it were permitted to remain in its chosen forum was for all practical purposes similar to the inconvenience which plaintiff would suffer if defendant's transfer motion were granted. Since a transfer to the forum of defendant's choice eliminated a considerable portion of defendant's inconvenience and thus reduced the aggregate of the inconvenience of both parties without increasing the burden of plaintiff, transfer was granted.