**Robert W. HOST, Administrator of the Estate of Carl R. Seese, deceased, Plaintiff,**

v.

**AMERICAN ROAD EQUIPMENT CO., a Delaware corporation, Defendant.**

**Civ. A. No. 1984.**

United States District Court
D. Delaware.

May 5, 1960.

John Biggs, III and John M. Bader, Wilmington, Del., for plaintiff.

William H. Bennethum, Wilmington, Del., for defendant.

LAYTON, District Judge.

Decedent was killed in Michigan by the explosion of a large tire. The administrator of his estate, Host, also a resident of Michigan, brought suit against a number of corporations in Michigan alleging liability but was unable to serve American Road Equipment, a Delaware corporation, also alleged to be jointly liable. Consequently, this defendant was sued in the District of Delaware after which plaintiff moved under 28 U.S.C.A. § 1404(a) for a transfer to the District of Michigan where the other suits were pending. The defendant resists the motion to transfer upon the ground that this Court is without power to transfer because of the following emphasized language of 28 U.S.C.A. § 1404(a):

> "1404. Change of venue
>
> "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it *might have been brought*." (Emphasis added.)

Under essentially similar facts, in Berk v. Willys-Overland Motors, Inc., D.C.Del., 107 F.Supp. 643, 645, Judge Rodney of this District refused a transfer from Delaware to the Eastern District of New York, stating in part:

> "If the present defendant is not properly suable in the Eastern District of New York and proper service could not there be obtained, as the defendant alleges, then there become applicable those well-reasoned cases, such as Foster-Milburn Co. **v.**

Knight, supra, which held that under such circumstances a suit should not be transferred on the application of the plaintiff. It is conceivable that if the defendant is not liable to process in New York the judge of the Eastern District of New York might feel under the necessity of re-transferring the case to this District and there might arise an unseemly shuttling of the case from district to district, such as was faced by my associate, Judge Leahy, in Gulf Research and Development Co. v. Schlumberger Well Surveying Corp., D.C., 98 F.Supp. 198." [1]

The decided weight of authority supports this view. The rationale is well stated by Judge Learned Hand in Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, 952:

"It is horn book law that transitory actions must begin with personal service upon the defendant and that, when they do not, the judgment is a nullity. It is of course true that Congress might make the process of a district court run throughout the Union, as indeed it has done in suits by the United States under the Anti-Trust Acts. But, unless otherwise specifically provided, the initial process in a transitory action has always been limited territorially; and Rule 4(f) now confines it to the boundaries of the state in which the action is pending. If, however, the plaintiff be right, § 1404(a) has made it possible in 'diversity' cases for a plaintiff to dispense with service upon the defendant in the district where the case is to be tried; for by serving him in an action in the defendant's own district, the plaintiff may fetch him 2,000 to 3,000 miles away for trial in a district where he does not live and where he has never set foot. Considering that, this is contrary to the substantially uniform practice of Congress, and we ought to demand a plain expression of intent to so revolutionary a change. Not only is there no such expression, but analysis of the results of such an interpretation make it to the last degree improbable that this could have been the purpose."

Concededly, in Paramount Pictures v. Rodney, 186 F.2d 111, 115, the Third Circuit Court in reversing Judge Rodney directed the transfer of a suit from this District to Texas where some of the parties could have successfully challenged jurisdiction upon the grounds of venue. But that was an anti-trust suit where (1) a defendant can be served in any district of the United States and (2) the Court held that any objection to venue had been waived because the corporations in question had joined in the application to transfer. The Circuit Court expressly reserved judgment as to a set of facts such as those of this case, saying:

"It has been urged that the District Court has power, irrespective of the defendants' consent, to transfer the Delaware suits to Texas. This is stated upon the broad ground that they 'might have been brought' there in the sense that a district court in Texas has jurisdiction of the subject matter and therefore would accept the filing of a complaint in such a suit even though the suit might later fail if an objection to venue were made or if for any reason service upon the defendants could not be had. We neither accept nor reject this contention for we are not here called upon to delimit the extent of the power which Section 1404(a) has conferred upon the district courts. The defendants' consent is sufficient to support the transfer here."

I have no hesitation in concluding that in a case of this sort, a District

1. Though dictum, this follows Judge Rodney's opinion in Tivoli Realty, Inc. v. Paramount Pictures, Inc., D.C.Del., 89 F.Supp. 278, reversed in part by Paramount Pictures, Inc. v. Rodney, 3 Cir., 186 F.2d 111.

Court is without power to transfer. Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777; Blaski v. Hoffman, 7 Cir., 260 F.2d 317. Not only this, but to hold otherwise would be contrary to the holdings of this District. Compare Tivoli Realty, Inc. v. Paramount Pictures, Inc., and Berk v. Willys-Overland Motors, Inc., supra.

The plaintiff's petition to transfer is denied.