**UNITED INDUSTRIAL CORPORATION,**
a Delaware corporation, Plaintiff,

v.

**Bernard F. GIRA, Wag Investment Co.,
Herbert J. Petersen, Robert P. Gira,
and Herman Yaras, Defendants.**

Civ. A. No. 2307.

United States District Court
D. Delaware.

July 12, 1961.

David F. Anderson, Henry Ridgely Horsey, Berl, Potter & Anderson, Wilmington, Del., for plaintiff.

Arthur G. Connolly, James M. Mulligan, Jr., Connolly, Bove & Lodge, Wilmington, Del., and Ellwood S. Kendrick, Kendrick, Schramm & Stolzy, Los Angeles, Cal., for defendants.

LEAHY, Senior District Judge.

Plaintiff is a Delaware corporation and sues certain of its former officers and directors for breach of their fiduciary duties. The original action was commenced in the Delaware Court of Chancery, but was later removed here under 28 U.S. C.A. § 1441 on the grounds of diversity.[1] Once here, the parties commenced their pretrial discovery.[2] Defendants now file a motion for transfer of the instant action to the United States District Court for the Southern District of California, Central Division. In the moving papers for transfer to California,[3] defendants state the "case might have been brought" there on the grounds of diversity. The moving defendants are residents of California and plaintiff is incorporated in Delaware.

However, to establish complete diversity in a case involving a corporation, a double citizenship test is established by new 28 U.S.C.A. § 1332(c).[4] This double standard was intended by Congress "to reduce the number of cases coming to the federal courts on the ground of diversity of citizenship only." Kelly v. United States Steel Corp., 3 Cir., 284 F.2d 850 (Judge Goodrich citing legislative history). None of the parties in the case at bar have emphasized the locus of plaintiff corporation's principal place of business. In the record there does appear passing reference, by poth parties, to the principal place of business as New York City.

1. *Factors indicating New York as principal place of business:* The parties have stated "the executive offices" are at 103 Park Avenue, New York. The chairman of the present board is stated to be a Connecticut resident, with New York headquarters. The present board has apparently eleven New York directors, but before January 1961 there were six California and five New York directors. The minutes of the meetings of the board of directors, finance committee, and executive committee are kept in New York.[5] However, statements appear in the record before this Court, by

---

1. The original action in the Delaware suit was United Industrial Corp. v. Bernard F. Gira, Wag Investment Co., Herbert J. Petersen, Robert P. Gira, Herman Yaras and Samuel W. Pass, Civil Action No. 1414. Defendant Gira was former president of United; Petersen was executive vice president and director; defendant Robert P. Gira was president of U. S. Science Corporation, a wholly-owned subsidiary of United. Defendants Pass and Yaras are alleged co-conspirators.

Certain stockholders have also started derivative actions against the same individual officers and directors, as well as against the present officers and directors, and others. These actions were brought immediately before and in the months subsequent to the bringing of the original instant suit in the Delaware Court of Chancery. Eight stockholder derivative suits have been brought in New York and Delaware against the primary defendants. Three of these suits are now pending in the Court of Chancery in Delaware: Paolozzi v. Barber, CA 1410; Kaminski v. Barber, CA 1429; and Berger v. Barber, CA 1456. All eight suits— and the instant case—have a common origin and a common focus, i. e., the maladministration by defendants Gira and

Petersen of the financial affairs of United and one of its predecessor corporations.

2. Pursuant to notice, depositions have been taken. Motions to quash subpoena duces tecum and for protective orders under FR 30(b) and 45(b) have been argued and decided by the Court (Memorandum to Counsel, and Orders entered thereon, April 4, 1961); motions to limit scope of discovery, motion to dismiss complaint, etc., are still pending.

3. Under 28 U.S.C.A. § 1404(a).

4. The statute states:
"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

5. Plaintiff United Industrial, in the case at bar, also brought suit against defendants Gira and Petersen, and members of a Stockholders Protective Committee in the United States District Court, Western District of New York, CA 9138, for alleged violation of the Proxy Rules of the Securities and Exchange Commission. Defendants (same defendants here) moved, in that action, to transfer to the Southern District of Cali-

both parties, in various contexts, which indicate that plaintiff's principal place of business may be in California.

2. *Factors indicating California as principal place of business:* For example, defendants' counsel stated at the argument on the motion to quash a subpoena duces tecum: "The company in all its operations—it is really a California company and all its subsidiaries are, but six weeks ago the present management moved the executive offices to 103 Park Avenue [New York City]." Of United's seven operating subsidiaries, at least two are incorporated in Delaware and have their principal places of business in California. At least one other is located in nearby Phoenix, Arizona; at least one operating division is also located in California. Both plaintiff and defendants have stated in various contexts that the "records and everything in general" are in California. United has apparently retained its relationship with its banking and accounting firms in California. Equipment, products, and real estate are located in California. Prior to 1961, the then president, vice president, and six of the corporate directors apparently spent all their time in California. Defendants' moving papers in support of transfer allege "all persons with knowledge of pertinent facts and all pertinent documents are to be found in California." Affidavits show the corporation's principal place of business had been in California before 1961, and its records and those of its subsidiaries are still located there. In fact, defendants have stated that the case at bar will concern "companies almost unanimously located in California," and that plaintiff has its "main operating office, except its principal place of business [sic], in California."

3. *Corporate history:* Aspects of corporate history discoverable from the record before this Court show the original company to have been Topp Industries Co., with its principal place of business in California. It later changed its state of incorporation from California to Delaware in October, 1959. Several months later it then merged with a Michigan corporation to form United Industrial Corporation, a Delaware corporation. Plaintiff United Industrial is engaged in developing and manufacturing electronic and mechanical products for use in the aircraft, missile and general industrial fields. As stated, defendants Gira and Petersen were president and vice president and directors of the original California corporation. They continued in the same capacity with the new Delaware corporation until January 1961, when they resigned in a conflict with the "eastern group." The new corporation, however, maintained the California offices as its principal place of business, at least until six weeks before April 4, 1961, when the "executive offices" were moved to New York.

4. *Transfer considerations:* The legal and factual criteria assembled by defendants make a strong showing that it would be appropriate to transfer this pending action to the District Court for the Southern District of California. The arguments are persuasive in reviewing the factual minutiae concerning the convenience of parties, witnesses, the financial burden and hardship which a trial in this district would impose on defendants, the ready availability of compulsory process in the California court, the location of pertinent records and documents, and the location of the physical assets and properties involved. On the other

fornia. The motion of transfer was granted by Judge Henderson and the action is now pending in the United States District Court for the Southern District of California, Central Division, and known as CA 747–61–TC. A further motion was made and argued to Judge Henderson to get the California action transferred back to his court. He ruled he had lost jurisdiction over the action, once transfer had occurred, and further proceedings would be had in the court in Los Angeles. Judge Henderson cited as his authority Drabik v. Murphy, 2 Cir., 246 F.2d 408. The diversity question was not present, however.

hand, there are cogent reasons prompting the exercise of a sound discretion to keep the litigation in Delaware, e. g., the Delaware Court of Chancery. The original case was brought in Delaware by a Delaware corporation against former corporate officers for alleged wrongs committed under Delaware law. Without more, plaintiff, having chosen a Delaware forum, without any element of harassment, should be entitled to be confirmed in its choice of forum.[6] Another group of master facts associating this case with the Delaware forum is the three stockholder derivative actions pending in the Delaware Court of Chancery, which seek judicial scrutiny of the same corporate affairs which are alleged to have occurred in the case at bar. All the suits—the instant case and the eight stockholder suits—have a common theme of misrepresentation by defendants, Gira and Petersen, of the corporation assets over the two-year period, 1959 and 1960.[7] Obviously, it would be wasteful and confusing for all parties if this integrated group of suits is truncated—the part represented by the stockholder suits to remain in the Delaware courts and the action by the corporation against its former officers and directors, for recovery for the same alleged wrongs, transferred to California. In fact, as stated, pretrial proceedings have already taken place in the case here and in one of the State court stockholder suits. Further depositions and discovery have been requested in the State stockholder suits under the control of Chancellor Seitz in Delaware. In fact,

the Chancellor has announced a comprehensive plan for discovery and depositions for all the derivative suits pending in the Court of Chancery. Written discovery will first take place. The Chancellor suggested, unless a large quantity of documents located in a particular place requires otherwise, documents should be examined in Wilmington or in New York. Depositions are then to follow, and each witness is to be examined by all the parties at the same time, in the interest of economy of effort for all concerned. Manifestly, the only hope for order out of this complex of litigation is for the actions to remain in the Delaware forum in the care of Delaware counsel,[8] and in the hands of judges experienced in the law of Delaware.[9]

5. Aside from whether this Court should transfer the case at bar to California, the present record discloses a further matter of paramount importance, as already suggested, because if the principal place of business should be determined to be in California, there would be a lack of diversity required to transfer the case there, Continental Grain Co. v. Federal Barge Lines, Inc., FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L. Ed.2d 1540; cf. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, and the case could not be transferred. But, even more fundamentally, this lack of diversity destroys the basis of this Court's jurisdiction under the original removal of the Delaware Chancery action to this Court under § 1441, to which § 1332(c) also applies. Canton v. An-

---

6. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

7. The essential similarity of the instant case and the stockholder suits may be confirmed by a comparison of the complaint *sub judice* with the complaints in the pending Delaware actions. Cf. the Kaminski complaint which contains substantially similar allegations, paralleling the complaint in the case here. All actions name Gira and Petersen as defendants, and all are brought for the benefit of United Industrial Corporation.

8. United Industrial, as plaintiff in the instant case, and as real plaintiff in the

three State court actions, is represented in Delaware by Berl, Potter & Anderson, Esquires; and defendants Gira and Petersen, as defendants both here and in the State court cases, are represented by Connolly, Bove & Lodge, Esquires.

9. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at 509, 67 S.Ct. at 843, 91 L.Ed. 1055: "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

gelina Casualty Co., 5 Cir., 279 F.2d 553; see, also, Browne v. Hartford Fire Ins. Co., D.C.Ill., 168 F.Supp. 796; Washington-East-Washington Joint Authority v. Roberts & Shaeffer Co., W.D.Pa., 180 F.Supp. 15. The legal guide lines for determining a corporation's principal place of business have been set down for this circuit by Judge Goodrich in Kelly v. United States Steel Corp., 3 Cir., 284 F.2d 850. There, a Pennsylvania plaintiff, to maintain his diversity case, was required to establish that defendant's principal place of business was New York and not Pennsylvania. The court found defendant's board of directors, finance committee, executive committee, secretary, treasurer, comptroller, and general counsel were all centered in New York; the corporation filed its tax return there; the chairman of the board and the president spent most of their time there; annual reports and dividends were issued there; the major corporate banking activities, pension funds, securities and cash were held there; and all final decisions on general corporate policy were made there.[10] Nevertheless, our Court of Appeals found New York was not the corporation's principal place of business and noted that New York City had none of the corporation "productive capacity" and less than 1% of its real estate.[11] Pennsylvania was found by the Circuit Court to be the principal place of business because the

general "operation policy" was conducted there. Other factors, pointing to Pennsylvania, were that 32% of employees, 35% of production capacity, and one-third of corporate real estate were all located there. Thus, the Court concluded the corporate "business by way of activities is centered in Pennsylvania and we think it is the activities rather than the occasional meeting of policy-making Directors which indicate the principal place of business." (p. 854) [12]

■ 6. After examination of all the master facts, it appears the present motion to transfer this cause to California must be denied because the action could not originally have been brought in that forum due to lack of diversity. Individual defendants B. F. Gira, Petersen, R. P. Gira, and Yaras are residents of California. What is of more critical importance, the action should never have been removed from the Delaware Court of Chancery to this Court in the first instance due to the same infirmity. This goes to the question of jurisdiction. A federal judge is under compulsion to raise the point of jurisdiction sua sponte,[13] and, if jurisdiction is lacking, remand should occur.[14]

The case at bar should be sent back to the Delaware Court of Chancery. Defendants' motion to transfer to California will be denied.

---

10. Several of these master facts are present in the case at bar if New York were one of the choice-forums.

11. Such analogue would appear, also, in the present case.

12. But see, Wear-Ever Aluminum, Inc. v. Sipos, S.D.N.Y., 184 F.Supp. 364, 365, where the test of the Second Circuit is referred to as "the nerve center of the enterprise."

13. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 184, 56 S.Ct. 780,

80 L.Ed. 1135; Ambassador East, Inc. v. Orsatti, Inc., 3 Cir., 257 F.2d 79; Giesecke v. Denver Tramway Corp., D.C. Del., 81 F.Supp. 957.

14. 28 U.S.C.A. § 1447(c): "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. * * * (d) an order remanding the case to the State court from which it was removed is not reviewable on appeal or otherwise."