Seth M. GLICKENHAUS et al.,
Plaintiffs,

v.

LYTTON FINANCIAL CORPORATION,
Defendant.

Civ. A. No. 2403.

United States District Court
D. Delaware.

May 4, 1962.

William E. Taylor, Jr., Wilmington, Del., and Charles Rembar, New York City, for plaintiffs.

S. Samuel Arsht and Richard H. Allen, Wilmington, Del. (Morris, Nichols, Arsht & Tunnell, Wilmington, Del.), for defendant.

LEAHY, Senior District Judge.

This is a suit for $2,940,000 as damages for breach of an agreement to issue and sell to plaintiffs certain debentures of defendant. Defendant moves to transfer the action to the federal court for the Southern District of California. Since the passage of the transfer statute, 28 U.S.C. § 1404(a), there have been a number of Delaware cases,[1, 1a] yet members of the bar still appear to confuse the burden of proof required of a movant under the old *forum non conveniens* law with the showing required under § 1404 (a).[2]

---

1. The cases in this District which have ordered and refused transfer are:

Transfer granted: Makela v. Wilson Transit Co., D.C.Del., C.A. 1151, February 17, 1949 (unpublished); Cinema Amusements v. Loew's, Inc., D.C.Del., 1949, 85 F.Supp. 319; Bounds v. Streckfus Steamers, D.C.Del., 1950, 89 F.Supp. 242; Tivoli Realty v. Paramount Pictures, D.C.Del., 1951, 103 F.Supp. 174, after reversal of court's former holding it lacked power to transfer, 89 F.Supp. 278, mandamus granted, sub nom. Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, cert. den. 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687; Kirk v. Spur Distributing Co., D.C.Del., 1950, 95 F.Supp. 428; Paragon-Revolute Corp. v. C. F. Pease Co., D.C.Del., 1954, 120 F.Supp. 488; General Felt Products Corp. v. Allen Industries, D.C.Del., 1954, 120 F.Supp. 491; Brownell v. LaSalle Steel Co., D.C.Del., 1955, 128 F.Supp. 548; Nocona Leather Goods Co. v. A. G. Spalding & Bros., D.C. Del., 1958, 159 F.Supp. 269 (supplemental decision reversing earlier decision denying the transfer); and Higgins v. California Tanker Co., D.C.Del., 1958, 166 F.Supp. 42.

Transfer denied: Brown v. Insurographs, Inc., D.C.Del., 1949, 85 F.Supp. 328; Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., D.C.Del., 1951, 99 F.Supp. 503; Berk v. Willys-Overland Motors, D.C.Del., 1952, 107 F. Supp. 643; Busch v. Reiss S.S. Co., D.C. Del., 1954, 120 F.Supp. 886; Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, D.C.Del., 1955, 136 F.Supp. 508; Miller v. National Broadcasting Co., D. C.Del., 1956, 143 F.Supp. 78; Host v. American Road Equipment Co., D.C. Del., 1960, 183 F.Supp. 161; United Air Lines Inc. v. United States, D.C. Del., 1961, 192 F.Supp. 796; and United Industrial Corp. v. Gira, D.C.Del., 1961, 204 F.Supp. 410.

1a. See, Petition of Backman, D.C.Del., 1954, 122 F.Supp. 896, in which decision was reserved pending determination of transfer by the Pennsylvania District Court, and for discussion of application of § 1404(a) to suits in admiralty.

2. In Cinema Amusements v. Loew's, Inc., supra, Judge Rodney wrote (85 F.Supp. p. 322): "While the substantial factors to be weighed in determining a motion under Section 1404(a) may be similar to those involved in a consideration of forum non conveniens, yet it seems clear that transfer under Section 1404(a) is something more than and somewhat different from dismissal under forum non conveniens. In the first place, the procedure to be followed in affirmatively invoking the two remedies is drastically different."

In Paragon-Revolute Corp. v. C. F. Pease Co., supra, 120 F.Supp. p. 490, in discussing § 1404(a), the Court said: "* * * I believe defendant is not bound to produce such a strong, favorable balance that his favoring factors must greatly preponderate those of plaintiff and further that disturbing plaintiff's choice of forum is no longer a rarity because of § 1404(a)—defendant's mandatory margin for victory, then, need not be an overwhelming one."

See, also, General Felt Products Co. v. Allen Industries, supra.

And, in Lunn v. United Aircraft Corp., D.C.Del., 26 F.R.D. 12, 15, Judge Rodney wrote: "The meaning of the doctrine of 'forum non conveniens' is not restricted to the fact that the Court is not a 'convenient' court for the trial of the case but under certain circumstances it means that the ends of justice will be best served by trial in another forum."

In short, the primary question is whether the interests of justice are to be served by transfer. This is true whether or not transfer may, in certain situations, to some degree, inconvenience parties or witnesses. E. g., see Judge Rodney's views in Cinema Amusements, Inc. v. Loew's Inc., supra, 85 F.Supp. pp. 326–327.

In the 19 cases brought under § 1404 (a) in the District of Delaware in which transfer was requested, it was granted in 10 cases and denied in 9. In those cases in which transfer was granted, the *convenience* of the parties was named as *one of the reasons* in the 8 cases of Makela, Cinema Amusements, Bounds, Kirk, Tivoli, Paragon-Revolute, General Felt and Nocona; *convenience of witnesses* was named in the 10 cases of Makela, Cinema Amusements, Bounds, Kirk, Tivoli, Paragon-Revolute, General Felt, Brownell, Nocona, and Higgins; *interest of justice* was considered separately as a reason for transfer in the 5 cases of Makela, Cinema Amusements, Bounds, Tivoli and Higgins. In 4 of the remaining 5 cases, Paragon-Revolute, General Felt, Brownell and Nocona, *"justice"* was not separately considered. In the remaining case, Kirk, *"justice"* was the key factor in Judge Rodney's determination; after finding that both parties and witnesses would be benefited by a transfer to Arkansas, he spent the bulk of the opinion refuting plaintiff's contention that he could not receive a fair trial in Arkansas.

In cases in which transfer was not granted, the Court often considered all three factors and rejected them as reasons for transfer. This type analysis determined the issue in the 4 cases of Brown, Webster-Chicago, Busch, and Miracle Stretch.

In the 3 cases of Berk, Host and United Industrial, transfer was not granted either because the case could not have been brought in the state to which transfer was requested or because all parties could not have been served there. In Miller, transfer was denied because plaintiff had no counsel and would be unable to obtain one in the state to which transfer was requested, and because he had no funds with which to hire one there. In United Air Lines Inc., transfer was denied because consolidation of the suits was impossible in the state to which transfer was requested and excessive delay would have resulted if transfer had been granted. In both these cases, *"interest of justice"* was the determining factor.

In toto, *"interest of justice"* was considered by the court, apart from such interest as results from the convenience of parties and witnesses, in the 8 cases of Makela, Cinema Amusements, Bounds, Kirk, Tivoli, Miller, Higgins, and United Air Lines. The *"interest of justice"* took on no separate character apart from the convenience of parties and witnesses in the 8 cases of Brown, Webster-Chicago, Paragon-Revolute, Busch, General Felt, Brownell, Miracle Stretch, and Nocona. In the 3 cases of Berk, Host and United Industrial, the court never reached the point where separate consideration was given to the justice factor as the cases all involved some denial of transfer on grounds of impossibility of service of process in the state to which transfer was requested, or the like.

■ 1. The complaint charges defendant refused to perform its agreement to issue and sell to plaintiffs subordinated convertible debentures of defendant in the amount of $4,200,000, and that defendant utilized the agreement in bad faith—"defendant and Bart Lytton, its President and (together with his wife, Beth Lytton) principal stockholder" schemed to escape the agreement and proposed certain amendments calculated to make it unattractive to plaintiffs.[3] The answer denies this, puts the terms of the agreement and the extent of plaintiffs' damages, if any, in issue and includes a counterclaim for declaratory judgment that the agreement has no present or future effect.

Defendant is a Delaware corporation, but it does no business here and has the barest nexus of contact with this State. Its business life is in California where it is qualified and has its headquarters.[4] About August 16, 1961, a writing between Lytton Financial Corporation ("Issuer") and Glickenhaus and Co. ("Underwriter") was signed by Bart Lytton, President of defendant, and Seth

---

3. Complaint, ¶¶ 11–13.

4. Aff. Weigel, p. 1.

M. Glickenhaus, one of the plaintiffs. After negotiations which defendant claims occurred wholly in California [5] and which plaintiff claims occurred in good part in New York,[6] the memorandum was signed and delivered in Los Angeles.[7] It appears defendant's performance was on condition it obtain a permit to issue the debentures from the Commissioner of Corporations in California. Without this Court evaluating the quality of defendant's best efforts to obtain the permit, I find the California Commissioner of Corporations refused to issue one.[8] The necessary witnesses to this phase of the transaction are residents of California and will appear, defendant claims, only pursuant to a subpoena issued by a court having jurisdiction over them;[9] and the availability of the files and records of the California Division of Corporations will be subject to the same limitations.[10] The subpoena power of the instant Court has no such reach. Moreover, defendant states it will be necessary to call at least six other witnesses at trial to explain the written memorandum, the negotiations, the signing, and the efforts of defendant to obtain the authority to issue the debentures. These witnesses are officers of the Bank of America, the Union Bank of Los Angeles, defendant's officers and general counsel—all of whom reside in Los Angeles.[11] Defendant's burden and expense to bring witnesses and records to Wilmington from Los Angeles for trial here are also argued.[12] Plaintiffs claim they intend to call at least 9 witnesses to various stages of the negotiations, all of whom reside in New York, and at least three expert witnesses, all of whom reside in the New York area.[13] They maintain that as coast to coast fares are the same both ways and hotel rates are no lower in Los Angeles than Wilmington.[14] no advantage can be bestowed on defendant merely because of the distance of California from Delaware.

■■ 2. Of the three statutory factors to be considered, the third is of controlling importance on the question of transfer [15] because the other two factors involving convenience of parties and witnesses are subordinate. The operative facts and events involved here took place in California. This agreement was at least in part negotiated, and was definitely signed and delivered in Los Angeles. The authority for the debenture issue was to be obtained there. The availability of the witnesses and the formal records relating to the incident can only be assured by trial in the California Court. The "availability of compulsory process for attendance of unwilling witnesses" is an important factor on the

---

5. Ibid. Weigel, p. 2.

6. Aff. Glickenhaus, p. 2.

7. Ibid. Weigel, pp. 1–2.

8. To prove this defendant claims it would be necessary to call as witnesses the California Commissioner and his two Deputy Commissioners, and to have available the files and records of the California Division of Corporations. Plaintiff claims such matters are ones of official action and may be proved from the records themselves or by means of depositions, interrogatories, etc.

9. Ibid. Weigel, ¶¶ 2–3.

10. Ibid. Weigel, p. 3.

11. Ibid.

12. Ibid. Weigel, pp. 3–4.

13. Aff. Glickenhaus, p. 3.

14. Ibid. Glickenhaus, p. 4.

15. For example, in Cinema Amusements, Inc. v. Loew's, Inc., supra, Judge Rodney wrote (85 F.Supp. p. 326): "Manifestly the most important criterion in determining the advisability of transfer is the 'interest of justice.' In most cases, if the convenience of the parties and witnesses will be served by transfer it usually follows that justice will also be served by transfer. This does not necessarily follow, however, and irrespective of the convenience to parties and witnesses, I am of the opinion that whether or not transfer will be ordered should be governed in large measure by the effect of transfer upon the 'interest of justice.'"
See, also, Tivoli Realty, Inc. v. Paramount Pictures, Inc., supra, 103 F.Supp. pp. 176–177; Berk v. Willys-Overland Motors, supra; Lunn v. United Aircraft Corporation, supra, 26 F.R.D. at p. 15.

question of transfer.[16] And, clearly, California law and administrative action governing the rights and liabilities of the parties are matters over which the California District Judges have a greater competence and expertise than does the present Court.[17]

3. As for the convenience of witnesses, all of defendant's witnesses are located in California; all of plaintiffs', near New York. The convenience of witnesses is not weighed from the standpoint of greater number of witnesses involved, but from consideration of the qualitative value of the testimony of particular witnesses.[18] Defendant, as previously discussed, plans to call not only its corporate officers, located in California, but California state officials. Plaintiff plans to call not only its officers, witnesses to the background of the agreement here in dispute, but New York "expert witnesses qualified to testify concerning such matters" who are located in New York, "the nation's center for the security business."[19] Assuming the balance of inconvenience to corporate officers and other observers of the negotiation stage of this agreement of both parties to be equal, the scales still tip toward defendant when the inconveniences of the California officials and the New York experts are considered. "It is well settled that the convenience of expert witnesses will be treated as of little or no significance in determining whether an action should be transferred under the statute." Patterson v. Louisville & Nashville RR. Co., S.D., Ind., 182 F.Supp. 95, 98.[20] The convenience (and availability) of state officials is entitled to greater weight. Plaintiffs claim that such testimony can be introduced "either by certified copies * * * or by written interrogatories * * * or by oral depositions."[21] But all testimony could be so introduced. Expert testimony, for example, of New York dealers in securities could be as well introduced by depositions in California as can depositions of California officials be introduced here.[22] On balance, the convenience of witnesses favors defendant.

4. As for the convenience of the parties, the matter is in equipoise, for it is obvious that Delaware is as inconvenient for defendant as California is for plaintiffs.

5. That Delaware is plaintiffs' choice of forum and defendant's state of incorporation are legal facts which, standing alone, do not control the theatre of litigation. For these two concepts belong to a darker age now that § 1404(a) exists and is augmented by § 1332, giving a duality of citizenship to every corporation for purposes of litigation. This Court has frequently considered what weight should be given to plaintiff's choice of forum where a defendant has been incorporated under Delaware law,[23] e. g., "This court interprets the Modarelli [*] advice to mean no longer should disturbing plaintiff's choice of forum be

16. Aircraft Marine Products v. Burndey Engineering Co., S.D.Cal., 96 F.Supp. 588, 592; Andino v. S.S. Claiborne, S.D. N.Y., 148 F.Supp. 701, 702.

17. Koster v. Lumbermens Mutual Cas. Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Brownell v. LaSalle Steel Co., D.C.Del., supra.

18. Berk v. Willys-Overland Motors, supra, 107 F.Supp. at pp. 644–645.

19. Plaintiffs' Brief, p. 4.

20. Accord: Early & Daniel Company v. Wedgefield, Inc., M.D.N.C., 164 F.Supp. 414, 418; Nocona Leather Goods Co. v. A. G. Spalding & Bros., supra, 159 F. Supp. p. 271, n. 3.

21. Plaintiffs' Brief, p. 3.

22. See Brownell v. LaSalle Steel Co., supra, where Judge Rodney (128 F.Supp. p. 550) wrote: "The advantages of personal appearance of a witness over testimony by deposition as affecting both the interest of the parties and the performance of duties by the trial tribunal are so evident as to foreclose discussion."

23. 8 Del.Code §§ 101–368.

* All States Freight v. Modarelli, 3 Cir., 196 F.2d 1010 (per Goodrich, J., for the Court in Banc).

regarded sacrilegious or a rarity if the three statutory factors dictate transfer. Being moved from one federal forum to another is no calamity to litigants;"[24] and "The choice of forum is usually accorded but slight significance * *."[25] The Supreme Court has likewise given even less weight to defendant's choice of the state of incorporation[26] and this Court has frequently reiterated how minor a factor such choice is in weighing all the factors to be considered with respect to transfer—e. g. "The situs of the corporation or the home state of incorporation, however, is not entitled to any overwhelming consideration or weight where, as here, it is shown that in this State, there is maintained only such business records and representation as will satisfy statutory requirements, but that all of its business is transacted elsewhere * * *";[27] and "The sole string of corporate domicile tying the suit to the Delaware District breaks at the pull of the instant facts framed under § 1404(a) as does plaintiff's choice of forum."[28]

6. § 1404(a) provides as a prerequisite for transfer that venue will lie in the transferee district. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L. Ed.2d 1254. Since defendant's principal place of business and office is there, not only venue but jurisdiction (under 28 U.S.C. § 1332) may be in the Southern District of California.

7. As stated, all the operative facts involved in this action took place in California. Defendant, its officers and records are located in California; important and impartial official witnesses of the Corporation Commission of California who should be heard at trial are only subject to subpoena power in California, and plaintiffs' alternative that such testimony be obtained by deposition has been recognized as unsatisfactory.

As I suggested on another occasion[29] and similarly here, it is invariably difficult to select the site of the legal ball game. It cannot be scheduled for New York because suit could not have been brought there originally. One home field, California, or neutral Delaware are the remaining two possibilities. As between them, the interest of justice and the substantial conveniences strongly favor California, as both forums have primary jurisdiction under the particular facts of the instant case.

For the reasons stated, the action here should be transferred to the United States District Court for the Southern District of California. An order may be submitted.

24. General Felt Products Co. v. Allen Industries, Inc., supra, 120 F.Supp. at p. 493.

25. Nocona Leather Goods Co. v. A. G. Spalding & Bros., supra, 159 F.Supp. at p. 271.

26. Koster v. Lumbermens Mutual Cas. Co., 330 U.S. 518, pp. 527–28, 67 S.Ct. 828, 91 L.Ed. 1067: "But the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice. Under modern conditions corporations often obtain their charters from states where they no more than maintain an agent to comply with local requirements, while every other activity is conducted far from the chartering state. Place of corporate domicile in such circumstances might be entitled to little consideration under the doctrine of *forum non conveniens*, which resists formalization and looks to the realities that make for doing justice."

27. Brownell v. LaSalle Steel Co., supra, 128 F.Supp. at p. 549; see, Cinema Amusements, Inc. v. Loew's, Inc., supra, 85 F.Supp. at p. 323, n. 4.

28. Paragon-Revolute Corp. v. C. F. Pease Co., supra, 120 F.Supp. at p. 491.

29. Ibid. at p. 490.