ATLANTIC AERO, INC., Plaintiff,

v.

The CESSNA AIRCRAFT COMPANY, Defendant.

No. C–80–695–G.

United States District Court,
M. D. North Carolina,
Greensboro Division.

Sept. 23, 1981.

L. P. McLendon, Jr., and John H. Small, Greensboro, N. C., for plaintiff.

William F. Womble, Jr., Winston-Salem, N. C., for defendant.

MEMORANDUM AND ORDER

GORDON, Chief Judge.

This matter is before the Court for a determination of Cessna's motion to dismiss

or in the alternative to transfer. For the reasons that follow, the Court concludes that both motions should be denied.

## FACTUAL SUMMARY

This action grew out of a contract for the sale of a plane between Cessna and Atlantic Aero, Inc. The plane was purchased for resale by Atlantic Aero, Inc., in March of 1978 and was delivered to Greensboro, North Carolina, on August 23, 1978. Some time prior to October 20, 1978, Ralph Bush, a resident of Elizabethan, Tennessee, informed Atlantic Aero, Inc. that Dr. Ron Smith also of Elizabethan, Tennessee, was interested in the plane and wished to try it out on a flight to Florida.

On October 20, 1978, Bush picked up the plane from Greensboro, North Carolina, and flew it to Elizabethan, Tennessee, where he filled up the gas tanks and picked up Dr. Smith and a second passenger. That same day, they departed for Marcos Island, Florida, with Dr. Smith as pilot. Upon approach for landing at Marcos Island, the engine quit 800 feet above land. The plane crashed causing $51,381.86 damage to the plane. All three passengers walked away from the crash. A report of an investigation by the F.A.A. states that the float arms in the fuel quantity transformers were binding causing the fuel gauge to read one-half full when the tank was actually empty.

On November 25, 1980, Atlantic Aero, Inc., filed suit against Cessna in the Superior Court of Guilford County alleging: negligent design, manufacture and installation along with breach of implied and express warranties. On December 16, 1980, the action was removed to the United States District Court in Greensboro by Cessna. Jurisdiction is based on diversity.

Cessna now moves to dismiss pursuant to Rule 19(b) for the lack of joinder of the pilot Smith who Cessna deems to be an indispensable party. In the alternative, Cessna moves for transfer to Tennessee pursuant to 28 U.S.C. § 1404 where service over Smith can be obtained.

## DISCUSSION

A close reading of Rule 19 leaves the Court with the view that a two-part test must be met before dismissal for lack of an indispensable party can be granted. Rule 19(a) requires that Cessna show that the pilot is a "person to be joined" within the meaning of that rule. If Cessna makes such a showing it may then go on to argue that the pilot Smith is indispensable within the meaning of Rule 19(b) and that it would be unfair to continue the case in the absence of the pilot. This view is followed in *Prestenback v. Employers Insurance Company*, 47 F.R.D. 163, 165 (E.D.La., 1969).

Atlantic Aero, Inc., argues that the pilot does not come within any of the three categories listed in Rule 19(a). Rule 19(a)(1) states that a person should be joined if "in his absence complete relief cannot be accorded among those already parties." Cessna and Atlantic Aero, Inc., are the parties to this action for damage to Atlantic Aero, Inc.'s, plane based on a theory that Cessna is at fault. If Cessna is not at fault (perhaps because the crash was caused by pilot error), then Cessna will not be required to pay a judgment. If Cessna is at fault, then Cessna will have to pay damages. Either way, complete relief will have been afforded between Atlantic Aero, Inc., and Cessna, the present parties.

Rule 19(a)(2)(i) describes the second category of persons to be as "a person who claims an interest relating to the subject of the action and is so situated that the disposition of the matter in his absence may as a practical matter impair or impede his ability to protect that interest." The subject of the present action is property damage to the plane. Smith, the pilot, was just trying the plane out on a trip to Florida. Smith had not bought the plane and has no property interest in the plane. The subject of the action is owned by Atlantic Aero, Inc., one of the parties.

*Virginia Electric and Power Co. v. Bunko Ramo*, 61 F.R.D. 366, 368 (E.D.Va.1973) explains the purpose of Rule 19(a)(2)(i) as being to protect an absent person with an

interest in a specific fund. The pilot has no interest in the plane that is owned by Atlantic Aero, Inc.

The third category of persons to be joined is described in Rule 19(a)(2)(ii). This requires that those persons whose absence subjects those already parties to double, multiple or inconsistent obligations should be joined. The pilot does not own the plane and will not bring an action for property damage to that plane. Since Atlantic Aero, Inc., is the only person with an interest in the plane, Cessna is in no danger of having to pay more than once.

Cessna contends that the pilot is an indispensable party. The argument is based largely on the contention that any adverse rulings in this case would be res judicata on a personal injury case filed by Smith against Cessna, a case pending in Tennessee and would possibly be prejudicial to Smith. Cessna cites no law in support of this. The law is otherwise and Smith would not be bound by rulings in a case he was not party to. Also, the fact that the Tennessee case has now been dismissed by an order filed February 17, 1981, renders the point moot.

Cessna also argues that its possible indemnity rights against Smith makes the pilot an indispensable party. Again, Cessna cites no law to support this contention. Atlantic Aero, Inc., calls attention to several cases that hold that a joint tort-feasor is not indispensable within the meaning of Rule 19. Cessna has no basis for dismissal under Rule 19. Accordingly, the motion for dismissal is DENIED.

## MOTION FOR TRANSFER

■ Cessna moves for transfer pursuant to 28 U.S.C. § 1404(a) which states in pertinent part:

"For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."

The Court, of course, has discretion in determining whether to transfer. Since these determinations are made on a case by case basis, it is hard to get much guidance on a case decided on different facts. A review of the cases cited by Cessna in which transfer is granted lend credence to the proposition that the plaintiff's choice of forum is not to be easily overthrown. *See Akers v. Norfolk Railway Company*, 378 F.2d 78 (4th Cir. 1967).

Cessna cites *Glickenhaus v. Lytton Financial Corp.*, 205 F.Supp. 102 (D.Del.1962) to support the proposition that the convenience of the witnesses is not to be weighed from the standpoint of the greater number of witnesses but from the qualitative testimony of the particular witness. Cessna relates this holding to the fact that the testimony of the pilot Smith will be important to the defense of pilot error that Cessna will raise.

Although this testimony is important, the holding in *Glickenhaus* can be distinguished from the case at hand in that a much greater showing for transfer was made by the moving party in *Glickenhaus*. *Glickenhaus* concerned an action for damages for breach of an agreement by the defendant to sell debentures to plaintiff. Suit was brought in Delaware where the defendant corporation was incorporated but did no business. The defendant corporation's headquarters was located in California, the agreement was negotiated in part in California, defendant's witnesses were its corporate officers who lived in California and California state officials. State files and records to be used in the trial were in California. The plaintiff had brought suit in Delaware so as not to inconvenience its own officers and expert witness who lived near New York. *Id.* at 105. The only connection of the case with Delaware was that the defendant was incorporated there. Cessna has not made anywhere near the showing made for transfer that was made by the moving party in *Glickenhaus*.

In oral argument Cessna placed great reliance on the case of *United States v. Casey*, 420 F.Supp. 273 (S.D.Ga.1976) to support its argument that transfer to Tennessee should be granted to enable Cessna to implead the pilot. In *United States v. Ca-*

*sey,* transfer was granted partly to allow movants to implead third party defendants who might be liable for contribution from other guarantors on a note, but also for other reasons. These other reasons included the fact that the note and guaranty of the federal loan were executed in the transferee forum. Also the debtor's plant was in the transferee forum, the claim arose in the transferee forum and there was already a related case pending in the transferee forum.

Review of the other cases cited by Cessna lead to the conclusion that Cessna has not made the required showing for transfer. Atlantic Aero, Inc.'s, choice of forum is not arbitrary or unduly hard on Cessna. Atlantic Aero, Inc., is incorporated in North Carolina. Atlantic Aero, Inc.'s, main place of business is in North Carolina. Atlantic Aero, Inc., will be calling witnesses that are located in North Carolina. Accordingly, Cessna's motion for transfer is DENIED.