Aubrey B. LANK, Receiver of Pickard
and Company, Incorporated,
Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
Defendant.

Civ. A. No. 3743.

United States District Court
D. Delaware.

Jan. 29, 1970.

Aubrey B. Lank and William H. Uffelman, Jr., of Theisen, Lank & Kelleher, Wilmington, Del., for plaintiff.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, Del., and William P. Sullivan, Jr., of Bigham, Englar, Jones & Houston, New York City, for defendant.

## OPINION

LATCHUM, District Judge.

This case is before the Court (1) on plaintiff's motion to remand the action to the state court on the ground that this Court lacks diversity jurisdiction under the "provided further" clause of 28 U.S.C. § 1332(c) and (2) on defendant's motion to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York.

## I  *Plaintiff's Motion To Remand*

On April 22, 1969, the Court of Chancery of the State of Delaware in and for New Castle County, pursuant to 8 Del.C. § 291, appointed the plaintiff, Aubrey B. Lank, a Delaware attorney and citizen, Domiciliary Receiver of Pickard and Company, Inc. ("Pickard") upon a finding that Pickard was insolvent.[1] Pickard is a Delaware corporation and was formerly a member of the New York Stock Exchange doing business at its principal office in New York City as a stock brokerage firm. The defendant, Federal Insurance Company ("Federal"), is a New Jersey corporation having its principal place of business in New York City. According to the terms of

Brokers' Blanket Bond and Policy No. 96 07474, issued by Federal to Pickard on December 23, 1963 and amended from time to time thereafter, Federal bound itself in the sum of $2,000,000 "to pay and make good" to Pickard, the assured, "all such losses as the assured may * * * sustain or discover that it has sustained," among other things, "by reason of any dishonest, fraudulent or criminal act of the Assured's officers or employees * * *."

By order of the Chancellor entered May 23, 1969, the Receiver was authorized to institute suit in Delaware against Federal to recover claims in the amount of $1,221,151.41 for losses allegedly covered by the Blanket Bond. This action was then commenced in the Superior Court of the State of Delaware in and for New Castle County on June 18, 1969 but removed on Federal's petition to this Court on July 1, 1969 because there was diversity of citizenship between the parties and the amount in controversy exceeded the sum of $10,000 exclusive of interest and costs. 28 U.S.C. §§ 1441, 1332.

28 U.S.C. § 1332(c) provides:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further, that in any direct action against the insurer of a policy or contract of liability insurance,* whether incorporated or unincorporated, *to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,* as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." (Emphasis supplied.)

The Receiver has moved to remand this action to the state court on the

---

1. The Court found that "the defendant [Pickard] is insolvent in that it cannot pay its debts as they mature and in that its liabilities exceed its assets."

ground that it is a "direct action against the insurer [Federal] of a policy or contract of liability insurance, * * * to which action the insured [the Receiver] is not joined as a party defendant * * *." On this literal reading of the statute the Receiver asserts that Federal should be "deemed a citizen of the State" of Delaware "of which the Receiver is a citizen" within the meaning of 28 U.S.C. § 1332(c) and concludes that diversity of citizenship is lacking between the plaintiff and the defendant.

■ The Court disagrees. The legislative history of 28 U.S.C. § 1332(c) indicates that Congress was concerned with the large volume of diversity litigation in those states [2] which permitted direct actions by injured persons against liability insurance carriers of tortfeasors without joining the insured as a party defendant. U. S. Congressional & Administrative News, 1964, pp. 2778 et seq. Courts which have construed § 1332(c) have uniformly held that Congress intended the word "direct" to limit the word "action" so that its impact is narrowed to those situations in which an injured party is permitted to sue, directly and without joinder of the tortfeasor, the tortfeasor's liability insurer without first obtaining a judgment against the tortfeasor himself. It was not intended to encompass "any action" against an insurer. White v. United States Fidelity and Guaranty Co., 356 F.2d 746 (C.A. 1, 1966); Inman v. MFA Mutual Insurance Co., 264 F.Supp. 727 (E.D.Ark. 1967); Walker v. Firemans Fund Insurance Co., 260 F.Supp. 95 (D.Mont.1966); Carvin v. Standard Accident Insurance Co., 253 F.Supp. 232 (E.D.Tenn.1966).

■ Unless the suit against the insurance company is of such a nature that liability sought to be imposed could be imposed against the insured, this action is not a "direct action" in the sense used in the proviso of § 1332(c). It is clear that the present action is not one in which liability could be imposed against the insured. Furthermore, in this case the Receiver, standing in the place of Pickard, seeks to impose upon Federal, its insurance company, an obligation to pay for losses which Federal *contractually* assumed under the terms of its Blanket Bond. Thus, the Court holds the proviso inapplicable to this case because this suit is not a "direct action" within the meaning of § 1332(c). The motion to remand, therefore, should be denied.

## II  *Defendant's Motion To Transfer*

■ An action may be transferred under 28 U.S.C. § 1404(a) to another district "where it might have been brought" if the Court in its sound discretion finds the transfer to be "for the convenience of parties, witnesses and in the interest of justice." The case could have been brought in the United States District Court for the Southern District of New York. For purposes of diversity, the Receiver's citizenship rather than that of Pickard is the determining factor. Porter v. F. M. Davies & Co., 223 F. 465 (C.A. 8, 1915), rehearing den. 224 F. 451. Since the Receiver is a Delaware citizen and Federal is a New Jersey and New York citizen, suit could have been brought in the proposed transferee district. I turn now to the circumstances of the case to determine whether the criteria are met to cause this Court to exercise its discretionary power to transfer.

In regard to the convenience of witnesses, it appears that most of the witnesses who may be called at trial, or examined at pretrial deposition, presently reside in the New York metropolitan area. These witnesses may include as many as sixty employees of the New York Stock Exchange who have worked for over a year in examining and reconstructing the financial affairs of the Pickard firm. By plaintiff's admission, these sixty employees "have firsthand knowledge of the facts necessary to the plaintiff's and defendant's case." Employees of the New York accounting

---

2. Wisconsin and Louisiana.

firm of Haskens & Sells, who presumably reside in the New York area, also are expected to testify at trial. In addition, approximately ten former directors and employees of the Pickard firm who reside in New York are expected to be called as witnesses by the defendant.[3]

The material issues in the present case relate to the nature and effect of conduct which occurred exclusively in New York. These issues concern not only the alleged misconduct of the defalcating employees of Pickard, and the extent of the loss resulting therefrom, but also concern the compliance of the Pickard firm with the terms of the Blanket Bond issued by Federal. Defendant indicates that it will be necessary to determine whether written notice of loss was given as soon as practicable after discovery of the loss, whether suit was commenced within 24 months after discovery of such loss, whether the bond terminated as to any employee as soon as the assured learned of the dishonest or fraudulent act of such employee, and whether knowledge of the alleged dishonest or fraudulent acts or transactions could be imputed to Pickard at such times as the alleged acts or transactions were recorded on the books and records of the corporation. The defendant further points out that during a four year period, the Blanket Bond was amended five times, increasing its coverage from $100,000 to $2,000,000. During this period, when the coverage of the Blanket Bond was substantially increased, many of the acts for which the plaintiff now seeks redress were allegedly committed. In contrast, the Receiver has not indicated that there are any witnesses residing in Delaware who will be called at trial, or that any conduct relating to his present claim occurred in Delaware. In light of the above, the convenience of witnesses certainly weighs in favor of trial in New York rather than in Delaware.

In regard to the convenience of the parties, these factors are relevant. Whether the action is retained in this Court or transferred to the Southern District of New York, it is likely that most of the pretrial depositions will be taken in the New York area, where both parties will have an equal advantage in obtaining the attendance of non-party witnesses through compulsory process.[4] Further, the New York Stock Exchange has offered to make available for any trial in this Court the employees who have investigated the affairs of Pickard. Haskens & Sells has given a qualified assurance that its employees will be available, stating that their appearance will be "subject to the advice of counsel." While pretrial deposition has been recognized as an unsatisfactory substitute for compulsory appearance of witnesses at trial, Brownell v. LaSalle Steel Co., 128 F.Supp. 548 (D.Del.1955); Glickenhaus v. Lytton Financial Corporation, 205 F.Supp. 102 (D.Del.1962), the substantial likelihood that the employees of the New York Stock Exchange and of Haskens & Sells will appear at trial in this Court indicates that defendant's access to witnesses will not necessarily be limited to examination through pretrial deposition.

In support of the motion for transfer, the defendant has made a strong showing in regard to the convenience of witnesses; the convenience of the parties seems to be in equipoise. This Court nevertheless concludes that the "interest of justice" strongly militates against the transfer of this action to the Southern District of New York. This Court previously has recognized that of the three statutory standards which must be considered on a motion for transfer under Section 1404(a) "the interest of justice" is the factor entitled to the greatest weight. As stated by Judge Rodney in Cinema Amusements, Inc. v. Loew's, Inc., 85 F.Supp. 319 (D.

---

3. Both the president and the vice president of Pickard, however, reside outside the jurisdiction of the Federal Courts in the Southern District of New York and in Delaware.

4. Rules 26(a) and 45(d), F.R.Civ.P.

Del.1949) "the most important criterion in determining the advisability of transfer is the 'interest of justice.' In most cases, if the convenience of the parties and witnesses will be served by transfer it usually follows that justice will also be served by transfer. This does not necessarily follow, however, and irrespective of the convenience to parties and witnesses, I am of the opinion that whether or not transfer will be ordered should be governed in large measure by the effect of the transfer upon the 'interest of justice.' " 85 F.Supp. 319, 326.[5]

■■ Plaintiff is the court-appointed Domiciliary Receiver of an insolvent Delaware corporation. The Receiver, upon his appointment, was vested by operation of law with all of Pickard's assets including all rights of action arising upon contracts. 8 Del.C. § 292. The Receiver of the insolvent corporation is an officer of the Court of Chancery and subject to its orders and instructions, In re Frederica Water, Light & Power Co., 10 Del.Ch. 362, 93 A. 376 (1915), and the Receiver's possession is possession of the Court of Chancery. De Van v. United States, 50 F.Supp. 992 (D.N.J.1943). The Court of Chancery specifically directed the Receiver to commence suit under the Blanket Bond in question in Delaware with full knowledge that a declaratory judgment suit brought by Federal was pending in a New York state court. Undoubtedly, the Delaware court was concerned with the conservation of the insolvent company's assets and the reduction of litigation expenses. Pickard's New York office has been closed and all its books and records, consisting of 92 file cabinets and 144 other cartons, have been removed to Delaware.

The Receiver, with the Court of Chancery's approval, applied for and was granted a stay of the declaratory judgment action by the New York state court brought by Federal against the Receiver. Unquestionably, both the Delaware court and the New York court recognized that it would be in the interest of the preservation of the insolvent estate to have the matter litigated in Delaware, where the case could be handled by the Receiver at less expense than with duplicate counsel in New York. The interest, recognized by the Delaware Court of Chancery, in conserving the assets of the insolvent estate during its administration in that Court should be given substantial weight in determining the appropriate forum for this litigation. I must conclude that as between the two parties—the Receiver of an insolvent corporation on the one hand and a going insurance company on the other—the latter is far better able to bear the litigation expenses in Delaware than would the Receiver in New York. Butterick Company v. Will, 316 F.2d 111 (C.A. 7, 1963); Miller v. National Broadcasting Co., 143 F.Supp. 78 (D. Del.1956).

Thus, having weighed the factors relevant to a determination under § 1404(a) as above discussed, the Court concludes that the motion for transfer should be denied.

An order will be entered in accordance with this opinion.

---

5. Cf. Glickenhaus v. Lytton Financial Corporation, 205 F.Supp. 102 (D.Del.1962): "Of the three statutory factors to be considered, the third [the interest of justice] is of controlling importance on the question of transfer." 205 F.Supp. at 105.