HAWORTH, INC., Plaintiff,

v.

SUNARHAUSERMAN LTD./SU-
NARHAUSERMAN LTEE,
et al., Defendants.

Adv. No. 91–8454.

United States Bankruptcy Court,
W.D. Michigan.

Sept. 3, 1991.

Devin S. Schindler, Warner, Norcross & Judd, Grand Rapids, Mich., for plaintiff.

Rock A. Wood, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, Mich., for defendant, Sunarhauserman Ltd./Sunarhauserman Ltee.

Deborah K. Urban, Akron, Ohio, for defendant, Ernst & Young.

Alan R. Lepene, Mary C. Kaczmarek, Thompson, Hine & Flory, Cleveland, Ohio, for defendants, Soc. Nat. Bank, Ameritrust Co. Nat. Ass'n and NBD Bank, N.A.

## OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

Currently before the Court are three interrelated motions. First, there is a motion to dismiss or, alternatively, to transfer or stay this action filed by the Defendants. Next, there is a motion filed by the Plaintiff, Haworth, Inc. (or "Haworth"), for mandatory abstention or remand. Finally, Ernst & Young, Inc. has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). All of these proceedings arise from a complicated factual setting and were removed to this Court by the Defendants pursuant to 28 U.S.C. § 1452.

For the reasons set forth in this opinion, the Defendants' motion for transfer is granted and this proceeding will now be sent to the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. The Plaintiff's motion for mandatory abstention or removal is denied. Due to the fact that it is proper to transfer this proceeding, final judgment is not rendered on the other issues raised.

## FACTS

The Plaintiff, Haworth, Inc., originally filed its cause of action in the Circuit Court for the County of Kent, Michigan, on April 26, 1991. The action was filed against Sunarhauserman Ltd./Sunarhauserman Ltee (hereinafter known as "Sunar"); Ernst & Young, Inc., as trustee of the bankruptcy estate of Sunar; and Society National Bank, Ameritrust Company, N.A. and NBD Bank, N.A. (collectively known as "the Banks"). Sunar is a Canadian corporation engaged in the manufacture and sale of office furniture. Sunar is presently in bankruptcy in Canada. Sunar was formed as a wholly owned subsidiary of SunarHauserman Inc., which is an Ohio Corporation and a wholly owned subsidiary of Hauserman, Inc., also an Ohio corporation. The Ohio Corporations are referred to by the parties as "Hauserman". On October 5, 1989, Hauserman filed for Chapter 11 relief in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division.

These complicated disputes arise out of the purchase, by Haworth, of the "RACE" line of office furniture from both Sunar and Hauserman. The sale was embodied in two agreements that the parties admit are virtually identical. The contract to purchase the assets from Hauserman is referred to as the "American Agreement", while the contract with Sunar is known as the "Canadian Agreement." The purchase agreements were negotiated after the parent corporation, Hauserman, filed its Chapter 11 in Ohio.

Hauserman filed an adversary proceeding against Haworth in the Ohio Bankruptcy Court on February 28, 1991. In the Ohio action, Hauserman alleges that Haworth failed to pay the Banks $1,000,000.00 as called for by the American purchase agreement. Haworth has filed defenses in the Ohio adversary proceeding based upon the American Agreement.

In the action before me in this Court, Haworth seeks the remedies of offset and indemnification, claiming that Sunar breached its promise to transfer full rights, free of infringement, to the RACE line. The action by Haworth is based solely on the Canadian Agreement and lists only the Canadian parties and the Banks as Defendants.[1]

The reasons given in support of each party's action appear to be the opposing sides of a single dispute where each is alleging that the other was first to breach. In the adversary proceeding before me in Michigan, Haworth asserts that Sunar failed to comply with its obligations in the transfer of the RACE line. The action is maintained against Sunar for breach of contract, breach of warranty and fraud and misrepresentation and is maintained against the Banks for indemnification. In the adversary proceeding before the Ohio Bankruptcy Court, Hauserman alleges that Haworth breached its payment obligation. Hauserman claims that Haworth was not justified in suspending payment, while Haworth asserts that the aforementioned breach of contract motivated its actions.

With Sunar in bankruptcy in Canada, and Hauserman in bankruptcy in Ohio, the question of how this matter came before me should be addressed. The action filed by Haworth in Kent County Circuit Court was removed to this Court by the Defendants pursuant to 28 U.S.C. § 1452(a). The Defendants now seek dismissal, stay or transfer of the action. In response, Haworth asks for remand to the state court or abstention. The Canadian Trustee seeks to have proceedings against him dismissed.

I will deal with all the motions raised in this one opinion. At issue, is the decision of where Haworth's claims, based on the Canadian agreement and against the Canadian parties, should be adjudicated. What is difficult about this matter is determining the relationship between the Canadian subsidiary and its American parent and between the Canadian and American Agreement for the sale of the RACE line of furniture. Before me now are five possible courses of action in response to the motions filed. They are:

(1) Dismissing the Plaintiff's suit altogether;

(2) Allowing the Plaintiff's action to proceed in this forum, unhindered;

(3) Keeping the Plaintiff's action in this forum, but staying the proceeding until the completion of the Ohio Bankruptcy;

(4) Remanding to the state court or abstaining from deciding Haworth's suit pursuant to 28 U.S.C. § 1452(b) or § 1334; or, finally,

(5) Transferring the proceeding to the U.S. Bankruptcy Court for the Northern District of Ohio, Eastern Division.

## DISCUSSION

■ The first question to be considered is whether this adversary proceeding is properly before this court and whether we have any jurisdiction to decide the motions presented. The Defendants removed Haworth's action pursuant to 28 U.S.C. § 1452(a) which states that:

A party may remove any claim or cause of action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

As § 1452(a) sets forth, the court must have jurisdiction under § 1334 for removal to take place. If the adversary proceeding before me does not satisfy the jurisdictional grant of 28 U.S.C. § 1334, then the case must be sent back to the state court for want of jurisdiction and improper removal.

---

1. The Banks are involved in this litigation since under both the American and Canadian Agreements they are being compensated for security interests possessed in the RACE line.

§ 1334(a) provides for original and exclusive jurisdiction for all cases "under title 11." § 1334(b) establishes original but not exclusive jurisdiction "for all civil proceedings arising under title 11, or arising in or related to cases under title 11." Sufficient jurisdiction exists in this Court, and removal was therefore properly achieved, if the proceeding before me is at least "related to" the Ohio Bankruptcy.

Haworth's suit is considered to be related to Hauserman's Chapter 11 case if the outcome of the proceeding could conceivably have any effect upon the estate being administered in bankruptcy. *In re Salem Mortgage Company*, 783 F.2d 626, 634 (6th Cir.1986) (quoting *Mazur v. U.S. Air Duct Corp.*, 8 B.R. 848, 851 (Bankr. N.D.N.Y.1981)).

Even with this liberal definition supplied by the Sixth Circuit, the determination of whether removal was properly accomplished and whether the jurisdictional grant of § 1334(b) was minimally satisfied is not an easy one. Consideration must be given to the fact that the proceeding before the Court is only against the Canadian subsidiary and is based solely on the Canadian agreement. Removal is not proper unless Haworth's proceeding, which is against a separate corporation and based on a separate contract, could conceivably affect the Ohio Bankruptcy.

Here, although difficult to decide, I find that the jurisdictional test of *Salem Mortgage* has been met. The sale of the RACE asset line was essentially accomplished in one transaction. Both parties agree that the contracts are mirror images of each other. Also, with the Canadian Corporation being the subsidiary of the Ohio parent, a conceivable relationship has been established.

Additionally, the parties seem to concede that at least "related to" jurisdiction is present in this case. In its supporting brief, Haworth, as part of its argument, states that this adversary proceeding is of "related to" status. (*See* Plaintiff's Brief in Support of Its Motion for Mandatory Abstention and Remand Pursuant to § 1334(c)(2) at 6).

Having established at least related to jurisdiction for this adversary proceeding, removal was properly achieved by the Defendants under § 1452(a). With this decided, attention can now be given to the motions raised by the parties.

■ The Defendants seek an order dismissing the proceeding initiated by Haworth or, alternatively, the transfer of the case to the Northern District of Ohio where the parent corporation's bankruptcy is proceeding. I find that their motion for transfer should be granted and, in the interest of justice, this adversary proceeding should be sent to the Bankruptcy Court for the Northern District of Ohio, Eastern Division.

28 U.S.C. § 1412, which is incorporated by Bankruptcy Rule 7087, provides that a "District Court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

Six factors are usually considered in the determination of whether transfer to another district is "in the interest of justice and for the convenience of the parties." They are:

1. The proximity of creditors of every kind to the Court;

2. The proximity of the debtor to the Court;

3. The proximity of the witnesses necessary to the administration of the estate;

4. The location of the assets;

5. The economic administration of the estate; and

6. The necessity for ancillary administration if bankruptcy should result.

*In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979).

■ The most important factor to be considered is whether the transfer would promote the economic and efficient administration of the estate. *In re Commonwealth Oil Refining Company, Inc.*, 596 F.2d at 1247.

Here, the parent company, Hauserman, is in Ohio. In fact, all parties involved in the dispute, including the Plaintiff, are al-

ready before the Bankruptcy Court for the Northern District of Ohio. Efficiency is served by having this matter transferred to the forum where all the parties are present and before the Court.

Another persuasive reason for transfer is the fact that the Bankruptcy Court for the Northern District of Ohio has already begun to hear the adversary proceeding before it and has already made rulings with respect to the case. It would be a waste of judicial energy for me to begin to hear the same issues. As noted, the fact situations out of which each adversary proceeding arose are identical. The proceeding in Ohio and the one before me now are two sides of the same coin. There would be a bifurcation of the dispute for me to hear the Canadian part while the Bankruptcy Court in Ohio heard the American.

Lastly, justice strongly favors transferring this case to the forum wherein the debtor is located. This case is complicated because there is no debtor involved in the case that is in bankruptcy in this district. Sunar is in bankruptcy in Canada, while Hauserman has filed in the Northern District of Ohio. But, as the proceeding before me is related to Hauserman's bankruptcy in Ohio, and due to the fact that all the parties are before that forum and are going ahead with an action substantially similar to the one before me now, I find that justice dictates that this adversary proceeding be transferred to the court in Ohio. Transferring this proceeding will place all the disputes arising out of the sale of the RACE line of furniture before the Court which is hearing the parent corporation's bankruptcy and which originally was involved in and had approved the sale of the RACE line.

■ Ernst & Young and the Banks, have argued that this matter should be dismissed. I find, however, that once deciding to transfer this case, the question of whether to dismiss need not be decided. The Trustee's objection to jurisdiction and the compulsory counterclaim issue need not

be dealt with in this forum. By transferring the case, all matters involving the sale of the RACE line of furniture will be placed before the Bankruptcy Court for the Northern District of Ohio. As the adversary proceeding in Ohio has already been deemed to be a core proceeding, endowing the court in Ohio with complete dispositive power, it would be appropriate to transfer this matter to the Northern District of Ohio.

■ The Plaintiff contends that transfer under 28 U.S.C. § 1412 is improper because the Banks, the Trustee and Sunar have already consented to venue and jurisdiction in Michigan. However, the consent to jurisdiction and venue in the Canadian agreement was nonexclusive. Since the *Marathon* [2] decision, Bankruptcy Courts have become acutely aware of the limits of their dispositive power. It is clear to me that the Bankruptcy Court for the Western District of Michigan is not the proper Court to hear this proceeding. The Plaintiff has argued that the matter should be sent back to the state court. However, since this case is related to the one in Ohio and since all parties are already before the Ohio Court arguing, essentially, the same issues, it is more in the interest of justice to see this matter litigated before the Ohio Bankruptcy Court.

Under Section 1412, the movant has the burden to establish that transfer was in the interest of justice. The Defendants have met this burden. It is therefore held that this adversary proceeding be transferred to the Bankruptcy Court for Northern District of Ohio, Eastern Division. I find that transfer does not merely shift the inconvenience of proceeding from one party to another, but is in the interest of justice and places the matter before the proper forum.

■ Next, we must consider the Plaintiff's motion for mandatory abstention or remand. Remand is proper under 28 U.S.C. § 1452(b) when equitable grounds exist. As already noted, equity favors this

---

**2.** *Northern Pipeline Construction Co., v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858,

73 L.Ed.2d 598 (1982).

proceeding being litigated in Ohio. The Ohio Bankruptcy Court is prepared to handle the issues raised by the dispute and jurisdiction exists there over all the necessary parties. A detrimental bifurcation of the issues will be spared by having the matter heard before the Ohio Bankruptcy Court.

 Mandatory abstention is provided for under 28 U.S.C. § 1334(c)(2). Relying on my decision in *D.C. Equipment,* I find that, although this matter is only related to a case under title 11, mandatory abstention is nonetheless improper as the state court proceeding was filed after the bankruptcy in Ohio to which this adversary proceeding is related. *In re D.C. Equipment Co., Inc.,* No. HM 86–00049, 1990 WL 102237, 1990 Bankr. LEXIS 569 (Bankr.W.D.Mich. 1990). There being no basis for either mandatory abstention or remand, the motion of the Plaintiff is denied.

### CONCLUSION

Pursuant to 28 U.S.C. § 1412, I now grant the Defendants' motion to transfer this adversary proceeding to the Bankruptcy Court for the Northern District of Ohio. Accordingly, Plaintiff's motion is denied. Judgment is not rendered on all other issues raised.