**In re Terry Scott LANGSTON, Debtor.**

**In re Edward Ronald Casson, a/k/a Ronnie Casson, and Wanda B. Casson, Debtors.**

Nos. 03–40703–JSS–13, 03–40776–JSS–7.

United States Bankruptcy Court,
N.D. Alabama,
Eastern Division.

April 10, 2003.

Harvey B. Campbell, Talladega, AL, for Terry Scott Langston.

Harvey B. Campbell, Talladega, AL, for Edward & Wanda Casson.

## MEMORANDUM OPINION

JAMES S. SLEDGE, Bankruptcy Judge.

The common issue in these cases asks the Court to reconsider its previous holding in *In re Henderson*, 197 B.R. 147 (Bankr.N.D.Ala.1996), in which this Court held that a bankruptcy court may *sua sponte* transfer a case which was filed in an improper district. These two cases came before the Court on March 25, 2003, for hearing on the Court's show cause orders issued in the separate cases. Each order required the debtor(s) and the debtor's attorney to appear before the Court to show cause why this Court should not transfer the case due to improper venue; in the case of Edward & Wanda Casson, No. 03–40776–JSS–7, the order also required the debtors to show cause why the case should not be dismissed due to improper venue and to submit a brief to the Court prior to hearing. Counsel for Debtor Terry Langston and for Debtors Edward & Wanda Casson appeared at the hearing, as did Debtor Langston. Debtors Casson did not attend the hearing, but filed an affidavit. At hearing, the cases were consolidated for oral argument, and the Court took the matter under review. Upon consideration of the relevant statutes, case law, and evidence presented by the debtors, this Court finds no reason to deviate from *Henderson*.

### FINDINGS OF FACT

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. 157(a), and the general order of reference for the Northern District of Alabama, dated July 16, 1984. Further, this proceeding is a core proceeding. *See Henderson*, 197 B.R. at 150 n. 1.

2. The Court takes judicial notice that the United States Bankruptcy Court for the Northern District of Alabama operates under a general order of reference dated July 16, 1984, and that hearings for cases filed in the Eastern Division of the Northern District take place in Anniston, Gadsden, or Talladega.

3. The Court takes judicial notice that the United States Bankruptcy Court for the Middle District of Alabama operates under a general order of reference dated April 25, 1985, and that hearings for case filed in the Middle District take place in Dothan, Montgomery, or Opelika.

4. Debtor Terry Langston filed a petition under Chapter 13 of Title 11 on February 25, 2003.

5. Langston listed his address in the petition as "1196 County Road 213 Wedowee, AL 36278." Wedowee is in Randolph County.

6. On March 10, based on the information appearing in the debtor's petition, this Court issued a "rule to show cause" why the case should not be transferred for its apparently having been filed in an improper district.

7. Langston is a resident of Randolph County. The federal courthouse in Anniston is closer to his residence than the one located in Opelika.

8. Langston is employed as an operator for Alabama Carriers, Inc.

9. Debtors Edward & Wanda Casson filed a joint petition under Chapter 7 of Title 11 on February 28, 2003.

10. The Cassons listed their address in the petition as "555 Holiday Drive Lineville, AL 36266." Though the majority of Lineville is in Clay County, a small portion is in Randolph County.

11. On March 10, based on the information appearing in the debtors' petition, this Court issued a "rule to show cause" why the case should not be dismissed or transferred for its apparently having been filed in an improper district.

12. The Cassons are residents of Randolph County. Talladega is closer to their residence than Opelika.

13. Edward Casson is employed as a welder at South Central Steel. Wanda Casson is not employed.

## CONCLUSIONS OF LAW

### Improper Venue

■ Section 1408 of Title 28 establishes districts in which venue for bankruptcy proceedings is proper. 28 U.S.C. § 1408(1).[1] A debtor may file a petition in the district of his or her residence or domicile. *Id. See also, In re Henderson,* 197 B.R. 147, 151 (Bankr.N.D.Ala.1996) (citing *Nora v. Nora,* 494 So.2d 16, 18 (Ala.1986), for the proposition that a person's residence is presumed his or her domicile unless facts are presented to re-

but this presumption). Debtor Langston testified at hearing that his residence is in Randolph County. Debtors Casson offered testimony via affidavit that their joint residence is located in Randolph County and conceded in their brief that the Middle District of Alabama is the proper venue. (Debtor's Exhibit A; Debtor's Response, Doc. No. 5). Further, neither Debtor Langston nor Debtors Casson offered evidence to distinguish their respective domiciles from their respective residences. Randolph County is in the Middle District of Alabama. 28 U.S.C. § 81(b)(3). Therefore, based on the residences and/or domiciles of the debtors in each case, venue in the Northern District of Alabama is improper.

■ Section 1408 also permits a debtor to file in the district in which his principal place of business is located or in which his principal assets lie. 28 U.S.C. § 1408(1). The district in which one's "principal place of business" is located is an appropriate venue only to a debtor who has a business of his or her own. *Henderson,* 197 B.R. at 151 (citing *In re Canavos,* 108 B.R. 55, 57 (Bankr.E.D.Pa.1989)). Here, the debtors are not in business. Further, neither of the debtors presented any evidence as to the location of their respective principal assets. Therefore, as the debtors' residences and/or domiciles are located in Randolph County and absent any evidence of location of assets, the Court finds venue

1. The statute provides as follows:
    Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district. (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day

    period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
    (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.
    28 U.S.C. § 1408. The limitation excepting § 1410 is irrelevant here, as that section deals with venue in cases related to foreign proceedings.

in the Northern District of Alabama to be improper and finds venue in the Middle District of Alabama to be proper.

## Transfer for Improper Venue

█ As discussed in *Henderson,* there are at least two relevant change of venue statutes. The first, Section 1406(a) of Title 28, specifically addresses improperly-venued cases, though not specifically limited to cases under Title 11; the statute mandatorily requires that the court dismiss or transfer, in the interest of justice, a case brought in an improper venue. 28 U.S.C. § 1406(a).[2] The second relevant statute, Section 1412 of Title 28, provides the bankruptcy court the discretion to transfer a case, without distinguishing propriety of venue, to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.[3] *See also, Henderson,* 197 B.R. at 153 (finding that § 157(b)'s referral of cases from district to bankruptcy courts grants bankruptcy courts the same power as a district court under § 1412); *In re Whilden,* 67 B.R. 40, 42 (Bankr.M.D.Fla.1986) (same, particularly in districts with standing referral orders); *and In re Hillsborough Holdings Corp.,* 146 B.R. 1008, 1010 (Bankr. M.D.Fla.1992) (same, and noting that all 94 districts in the country have standing orders of general reference entered pursuant to 28 U.S.C. § 157(a)). Both statutes commonly inquire into the interest of justice to warrant transferring a case, while the latter provides more leniency in disjunctively allowing transfer for the convenience of parties. *See* 28 U.S.C. §§ 1406(a), 1412. Either of these two statutes provides the Court a statutory means for proceeding in this matter.

## Sua Sponte Transfer

█ Though Federal Rule of Bankruptcy Procedure 1014(a)(2)[4] refers to a "motion of a party in interest," this Court in *Henderson* explicitly addressed a bankruptcy court's power to, *sua sponte,* apply the venue statutes. The Court held that a bankruptcy court could *sua sponte* transfer or dismiss a case for improper venue pursuant to 28 U.S.C. § 1412. *Henderson,* 197 B.R. at 153. *See also, In re Wilson,* 284 B.R. 109 (8th Cir. BAP 2002) (holding, though under different rationale, that a bankruptcy court may *sua sponte* dismiss or transfer, after appropriate notice and opportunity for hearing, a case filed in an improper district). *Henderson* found that a court may make appropriate orders under the venue statutes, as the statutes themselves do not specifically prohibit *sua sponte* action nor specifically require a motion by a party:

> If, therefore, the relevant transfer statutes permit *sua sponte* transfer, the Court will read Rule 1014 as permitting *sua sponte* transfer unless the Rule clearly contradicts the statutes. *See, e.g., In re Searles,* 70 B.R. 266, 271 (D.R.I.1987) (reading Rule 5010 to allow

---

**2.** "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**3.** "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

**4.** "If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties." Fed. R. Bankr.P. 1014(a)(2).

*sua sponte* reopening of a case notwithstanding its reference to a motion by the debtor or party in interest). If, however, Rule 1014 clearly contradicts the statutes, the Court will not give effect to the rule.

*Henderson,* 197 B.R. at 155.[5] *Sua sponte* transferring the case to the Middle District of Alabama as the proper venue, *Henderson* concluded "that the interests of justice (as well as the administrative stability of the judicial districts) are served by the Court's correcting the filing of a case in the wrong district." *Id.* at 156. Indeed, most courts to address the issue of improper venue seem to agree that cases should generally proceed in their proper venues. *See, e.g., In re Sorrells,* 218 B.R. 580 (10th Cir. BAP 1998); *In re Great Lakes Hotel Associates,* 154 B.R. 667, 671 (E.D.Va.1992); *ICMR, Inc. v. Tri–City Foods, Inc.,* 100 B.R. 51 (D.Kan.1989); *In re Pannell,* 243 B.R. 23 (Bankr.S.D.Ohio 1999); *In re McDonald,* 219 B.R. 804 (Bankr.W.D.Tenn.1998); *In re Washington, Perito & Dubuc,* 154 B.R. 853 (Bankr. S.D.N.Y.1993); *In re The Sporting Club at Illinois Center,* 132 B.R. 792 (Bankr. N.D.Ga.1991); and *In re Pick,* 95 B.R. 712 (Bankr.D.S.D.1989) (all holding that the Code's venue provisions and relevant Rules of Procedure permit a court to transfer or dismiss, but not retain, an improperly-venued case; these cases suggest that § 1412 allows transfer to any district for convenience of parties, provided that the case first be filed in the proper district). *But see, In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Tex.1991) (holding that court had third option of retaining improperly-venued case).

In the interim since *Henderson,* the Eleventh Circuit ruled in *In re Carbon Dioxide Industry Antitrust Litigation,* 229 F.3d 1321 (11th Cir.2000), on which the Debtors in the instant cases now rely for the proposition that venue is for convenience and subject to choice of parties. However, *Carbon Dioxide* is distinguishable. There, plaintiffs from different states whose cases were consolidated by the Judicial Panel on Multidistrict Litigation (JPML) consented to venue in the Middle District of Florida, then later sought remand to the separate courts in which their individual claims were originally filed. *Carbon Dioxide,* 229 F.3d at 1322–23. The Court of Appeals refused remand, on the basis that the parties had consented to venue, but also, importantly, noted that due to the nature of the claims, the Middle District of Florida was a proper venue, i.e. "a district in which these cases could have been brought." *Carbon Dioxide,* 229 F.3d at 1326. Thus, though the Court did state that venue could be stipulated or consented to, that case involved a situation in which more than one venue would be proper and did not explicitly hold that an *improper* venue could be chosen.

Nonetheless arguing that an otherwise improper venue could also be chosen, Debtors also cite *Hunt v. Bankers Trust Co.,* 799 F.2d 1060 (5th Cir.1986), as allowing a case to proceed in an improper venue if no objection is filed. However, like *Carbon Dioxide, Hunt* may also be distinguished. Though the court implied that venue could be waived even in cases im-

---

**5.** Acknowledging the Advisory Committee Note of 1983 to Rule 1014, which states that a motion is necessary and that there is no provision for court to act *sua sponte, Henderson* held fast to the triumphant nature of statutory provisions over inconsistent rule counterparts, pointing out that where a rule conflicts on its face, history, or interpretation, with a statute, the statute must govern. 197 B.R. at 155 (citing S.Rep. No. 989, 95th Cong., 2d Sess. 158 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5944; and *In re Roberts,* 68 B.R. 1004, 1006–07 (Bankr.E.D.Mich. 1987)).

properly filed, that case also dealt with multiple proper venues, i.e., the principal place of assets versus the principal place of business, for a Chapter 11 filing. *Hunt,* 799 F.2d at 1068.[6] Further, the Hunt court relied on a Supreme Court case regarding waiver of venue, which, though dealing with transfer of civil proceedings under § 1404(a), itself stated that propriety of transfer depended not on wish or waiver by on whether venue would be proper.

The debtors have advanced no argument to persuade this Court that it lacks authority to correct venue that is improper according to statute simply because no objection has been filed. This Court, therefore, concludes that the district court, and, pursuant to 28 U.S.C. § 157(a), the bankruptcy court, may *sua sponte* transfer a case filed in improper venue under either 28 U.S.C. § 1406(a) or § 1412.

### Interest of Justice or Convenience of Parties

Both § 1406(a) and § 1412 allow a bankruptcy court to transfer a case to another district court if transfer is in the interest of justice, while § 1412 permissively also allows transfer for the convenience of parties. *See* 28 U.S.C. §§ 1406(a), 1412. Though the statute is phrased in the disjunctive to offer two grounds for transfer, courts have nonetheless suggested that when balancing the two against each other, the interest of justice outweighs the convenience of parties. *See. e.g., In re Manville Forest Products Corp.,* 896 F.2d 1384 (2d Cir.

1990) (holding that district court, in affirming the bankruptcy court order denying transfer of venue, properly balanced § 1412 factors when it found that though convenience of parties weighed in favor of transfer, the weightier interest of justice warranted denying transfer); *Blanton v. IMN Fin. Corp.,* 260 B.R. 257 (M.D.N.C. 2001) (transferring state court breach of contract action, which was related to loan originator's chapter 11 case, to potentially less-convenient district in which bankruptcy case was pending in the interest of justice); *Lank v. Federal Ins. Co.,* 309 F.Supp. 349 (D.Del.1970) (refusing to transfer receiver of insolvent corporation's action against insurer to more convenient venue because interest of justice would be better served in conserving assets of insolvent estate). The Middle District of North Carolina in *Blanton,* citing our District's own *In re Harnischfeger Indus., Inc.,* 246 B.R. 421 (Bankr.N.D.Ala.2000), stated:

> The court recognizes that change of venue to the Eastern District of New York may prove less convenient to Plaintiffs than proceeding in this court, but the interest of justice weighs in favor of such a transfer.... Although the state's interest in deciding local controversies and the plaintiff's original choice of forum favor retaining venue, these factors are outweighed by considerations of consistency, judicial economy, and economic administration of the bankruptcy estate.

*Blanton,* 260 B.R. at 266.[7]

When determining whether to transfer an improperly-venued bankruptcy

---

**6.** Further, the *Hunt* court relied on a Supreme Court case regarding waiver of venue, which, though dealing with transfer of civil proceedings under § 1404(a), itself stated that propriety of transfer depended not on wish or waiver by on whether venue would be proper. 799 F.2d at 1068 n. 11 (citing *Hoffman v. Blaski,* 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)).

**7.** Likewise, the District of Delaware agrees that the interest of justice is the most important factor in determining whether to transfer a case:

> In most cases, if the convenience of the parties and witnesses will be served by transfer it usually follows that justice will also be served by transfer. This does not

case in the "interest of justice," the court should consider the following applicable factors: (1) economics of estate administration; (2) judicial efficiency; (3) ability to receive fair adjudication; (4) enforceability of judgment; and (5) original choice of forum. *In re Harnischfeger Ind.*, 246 B.R. 421 (Bankr.N.D.Ala.2000), and *In re Bruno's, Inc.*, 227 B.R. 311 (Bankr.N.D.Ala. 1998) (both dealing with venue of adversary proceedings).

Several courts have stated that the most important factor is the economic and efficient administration of the estate. *Twyman v. Wedlo, Inc.*, 204 B.R. 1006 (Bankr. N.D.Ala.1996) (remanding three state law actions against Chapter 11 debtor to circuit court from which they were removed because state court provided more efficient forum in which to resolve state law issues); *Haworth, Inc. v. Sunarhauserman, Ltd.*, 131 B.R. 359 (Bankr.W.D.Mich.1991) (finding that justice favored transferring adversary proceeding to district in which third-party defendant's bankruptcy was pending because all involved parties were already before that court); *In re Willows Ltd. Partnership*, 87 B.R. 684 (Bankr.S.D.Ala. 1988) (refusing to transfer bankruptcy case of limited partnership on request of secured creditor because justice better served by administering case in district in which debtor's general partner was located); *In re HME Records, Inc.*, 62 B.R. 611 (Bankr.M.D.Tenn.1986) (refusing to transfer bankruptcy case to New York where multiple parties were located because efficiency mandated case proceeding in district in which debtor and principal assets were located). Here, debtors did not present the Court with any evidence to counter

necessarily follow, however, and irrespective of the convenience to parties and witnesses, I am of the opinion that whether or not transfer will be ordered should be governed in large measure by the effect of the transfer upon the "interest of justice."

the presumption that their respective cases and estates would be more economically, efficiently, and fairly administered in the district in which they reside.

■ The final relevant factor for determining the interest of justice is outcome determinative in that give great weight is given to a debtor's choice of forum. *Bruno's*, 227 B.R. at 328; *Harnischfeger*, 246 B.R. at 441. This typically is the case in situations involving a creditor's motion to transfer venue of a debtor's case. *See id.* However, this deference afforded a debtor's choice should only be exercised when the debtor's choice of venue is proper. *Bruno's*, 227 B.R. at 328 (citing *In re PWS Holding Corp.*, Case Nos. 98–212–SLR through 98–223–SLR, (Bankr.Del. April 28, 1998)); *Harnischfeger*, 246 B.R. at 441. *See also, In re Steeley*, 243 B.R. 421, 441 (Bankr.N.D.Ala.1999) (transferring case to proper division of district though debtor desired division in which she filed to retain case). Here, debtors filed their respective cases in an improper venue, as determined by 28 U.S.C. § 1408; thus, their choice cannot determine the interest of justice.

### Transfer to the Middle District of Alabama

The Court concludes that the Middle District of Alabama is the district in which venue is proper. As debtors filed their respective cases in an improper venue, this Court finds justice is better served by transferring the cases to the statutorily proper venue. Transfer, therefore, to the United States Bankruptcy Court for the Middle District of Alabama is appropriate under either §§ 1406(a) or 1412.

*Lank*, 309 F.Supp. at 353 (quoting *Cinema Amusements v. Loew's, Inc.*, 85 F.Supp. 319 (D.Del.1949) and citing *Glickenhaus v. Lytton Fin. Corp.*, 205 F.Supp. 102 (D.Del.1962)).

## CONCLUSION

Debtor Langston and Debtors Casson filed their respective petitions in a district in which venue is improper. The Court has the authority, *sua sponte,* to dismiss or transfer cases filed in improper venues to the appropriate district. An order consistent with this opinion will be entered in each case, transferring these two cases to the United States Bankruptcy Court for the Middle District of Alabama.